OMDAHL v WEST IRON COUNTY BOARD OF EDUCATION

Docket No. 262532. Submitted May 9, 2006, at Marquette. Decided July
    13, 2006, at 9:00 a.m. Leave pending, 477 Mich ___.

Attorney Torger G. Omdahl, representing himself, sought an award
    of attorney fees and costs after prevailing in the Iron Circuit Court
    over the West Iron County Board of Education in an action under
    the Open Meetings Act, MCL 15.261 *et seq*. The trial court, Joseph
    C. Schwedler, J., denied the plaintiff's request, and the plaintiff
    appealed.

The Court of Appeals *held*:

The plaintiff is entitled to an award of actual attorney fees
and costs, including for his amended pleadings, because the
defendants violated the Open Meetings Act, which mandates
the award of actual attorney fees if the person bringing the
action succeeds in obtaining relief. The Court of Appeals
decision that reached the opposite conclusion for attorneys
proceeding pro se under the Freedom of Information Act is not
persuasive, because it imputed an unverifiable motivation to the
Legislature, then adopted an overly broad rule that elevated
form over substance. The Open Meetings Act refers to "actual"
attorney fees in contrast to "reasonable" attorney fees, not in
contrast to those attorney fees that did not require an actual bill
to be generated. An attorney who invested the time and effort to
prevail in an action should not be required to give away his or
her stock in trade merely because he or she is seeking to redress
a wrong on his or her own behalf.

Reversed and remanded for further proceedings.

KELLY, J., concurred with the majority's reversal of the trial
court's denial of the plaintiff's request for costs, but dissented
from the majority's holding that the trial court erred in denying
the plaintiff's request for attorney fees, reasoning that the plain
language of the Open Meetings Act does not permit the recovery of
attorney fees that were not actually incurred, and the plaintiff
failed to demonstrate that the attorney fees he sought actually
existed in light of the fact that he spent his own time and effort
prosecuting the case.

ACTIONS — OPEN MEETINGS ACT — ATTORNEY FEES.

> An attorney acting in propria persona who prevails in an action under the Open Meetings Act is entitled to an award of actual attorney fees (MCL 15.271[4]).

*Fisher & Omdahl, PLLC* (by *Torger G. Omdahl*), for the plaintiff.

*Basso & Basso* (by *Sara J. Basso*) for the defendant.

Before: SAWYER, P.J., and KELLY and DAVIS, JJ.

SAWYER, P.J. The primary question presented in the case is whether an attorney who represents himself or herself in a proceeding under the Open Meetings Act (OMA)[1] and prevails is entitled to an award of an attorney fee. Despite the general principle that a party appearing in propria persona may not receive an award of attorney fees, we hold that where that litigant is an attorney he or she is entitled to the award of attorney fees under the OMA if he or she is the prevailing party.

The trial court entered a judgment in favor of plaintiff, concluding that defendants violated the OMA for failing to record the minutes of two closed meetings.[2] Plaintiff, an attorney who has proceeded pro se throughout this litigation, requested an award of attorney fees and court costs pursuant to MCL 15.271(4). The trial court denied the request, and plaintiff appeals. We reverse and remand with instructions to enter an award of attorney fees and costs.

This case presents a question of statutory interpretation, which we review de novo.[3] The primary goal of

---

[1] MCL 15.261 *et seq.*

[2] MCL 15.267(2).

[3] *Griffith v State Farm Mut Automobile Ins Co*, 472 Mich 521, 525-526; 697 NW2d 895 (2005).

statutory interpretation is to ascertain and give effect
to the intent of the Legislature.[4]

Plaintiff argues that he is entitled to an award of
attorney fees pursuant to MCL 15.271(4) because de-
fendants violated the OMA. We agree. Under MCL
15.271(4), attorney fees and court costs are to be
awarded as follows:

> If a public body is not complying with this act, and a
> person commences a civil action against the public body for
> injunctive relief to compel compliance or to enjoin further
> noncompliance with the act and succeeds in obtaining
> relief in the action, the person shall recover court costs and
> actual attorney fees for the action.

MCL 15.271(4) mandates the award of actual attor-
ney fees if the person bringing the OMA action "suc-
ceeds in obtaining relief." The question whether an
attorney representing himself or herself may receive an
award of attorney fees under the OMA appears to be
one of first impression. In contexts other than the
OMA, this Court has reached mixed results on whether
an attorney representing himself or herself may recover
an attorney fee.

For example, in *FMB-First Michigan Bank v Bailey*,[5]
this Court reversed the trial court's award of attorney
fees under MCR 2.114 where the attorney-defendants
represented themselves. The Court noted that "[b]e-
cause an attorney is an agent or substitute who acts in
the stead of another, a party acting in propria persona
cannot truly be said to be an attorney for himself."[6] But
the *Bailey* Court apparently overlooked our earlier

---

[4] *Linsell v Applied Handling, Inc*, 266 Mich App 1, 15; 697 NW2d 913
(2005).

[5] 232 Mich App 711, 726; 591 NW2d 676 (1998).

[6] *Id.*

decision in *Wells v Whinery*,[7] wherein we held that an attorney representing himself was entitled to attorney fees as part of his taxable costs.

In *Laracey v Financial Institutions Bureau*,[8] this Court has also held, in the context of the Freedom of Information Act (FOIA), that an attorney representing himself is not entitled to an award of attorney fees. In so doing, the *Laracey* Court relied on the Sixth Circuit Court of Appeals holding in *Falcone v Internal Revenue Service*,[9] and in particular the rationale that to allow the recovery of attorney fees to pro se plaintiffs would create a "cottage industry" for attorneys to generate fees when they have no real personal concern in the dispute.[10] We find that rationale unpersuasive.

First, it imputes to the Legislature a motivation that may or may not be correct—we simply do not know if the Legislature had an opinion regarding whether or not to "subsidize attorneys without clients."[11] If this was a significant concern for the Legislature, it presumably would have addressed it by actually writing such restrictions into the statute. It is at least equally as reasonable to conclude that the Legislature did not write such restrictions into the statute because it intended to create the equivalent of "private attorneys general" to enforce statutes such as FOIA and the OMA by allowing for the payment of an attorney fee. It must be remembered that the evil addressed by these statutes is secrecy in government, not the earning of a fee by an attorney. Creating such a "cottage industry" is actually more in keeping with the purpose of the statute

---

[7] 34 Mich App 626, 630; 192 NW2d 81 (1971).

[8] 163 Mich App 437, 446; 414 NW2d 909 (1987).

[9] 714 F2d 646 (CA 6, 1983).

[10] *Laracey, supra* at 446.

[11] *Id.*

than prohibiting it. Governmental units can easily avoid the payment of such fees merely by complying with the FOIA and OMA statutes, which is presumably the desired effect of those statutes. Similarly, governmental units need not be concerned about attorneys pursuing meritless OMA claims in search of fees because the cost of the government's defense against any frivolous claims would be reimbursable under MCR 2.625(A)(2).

Second, even if we presume that the Legislature did not want to subsidize clientless attorneys, a broad rule such as that created in *Laracey* is hardly necessary to achieve that purpose. Such a rule casts too broad a net. In the case at bar, there is no indication that plaintiff sued defendants in search of a fee rather than to vindicate a personal claim.[12]

Third, again presuming that the Legislature wished to avoid rewarding the attorney who finds the case instead of merely reimbursing the case that finds the attorney, denying fees to the pro se attorney hardly accomplishes this goal. A purely fee-seeking attorney would merely need to find a person willing to be named as the plaintiff in the suit, thus entitling the attorney to collect a fee. Plaintiff in the case at bar could easily have avoided this entire issue had he merely named a family member, friend, neighbor, or perhaps even his secretary as the plaintiff. A rule that encourages such charades is absurd.

On the other hand, we do ask: Why should an attorney who chooses to represent himself or herself not be awarded a fee upon prevailing? He or she had to invest his time and effort into the case. And, as Abraham Lincoln is quoted as saying, "a Lawyer's time and

---

[12] *Id.* at 446.

advice are his stock in trade."[13] We see no reason why plaintiff should be expected to give away his stock in trade merely because he is seeking to redress a wrong on his own behalf, and in which the public always has an interest, instead of on behalf of a third party. Whether representing himself or a client, he is investing the time. It is time he could have invested on behalf of another client who would have paid a fee.

What if plaintiff had hired another attorney to pursue this case? Presumably there would be no debate that a fee paid the other attorney could be recovered. Perhaps instead of attorney Omdahl naming his secretary as the plaintiff in this case as we suggested above, he merely should have chosen to be represented by his law partner. For that matter, an interesting question that plaintiff could have posed, but did not, is whether he truly did appear in propria persona in this case. Although he so states on some documents, some of those same documents also claim to be in the name of the firm. And other documents, such as the judgment, merely indicate that plaintiff was represented by Fisher & Omdahl. And, according to the cover page on plaintiff's brief, Fisher & Omdahl is a PLLC, a separate legal entity. Perhaps Torger Omdahl is not entitled to an attorney fee, but Fisher & Omdahl, PLLC, is entitled to one.

But we are not inclined to decide this case on the highly technical point of plaintiff's firm not generating a bill to plaintiff personally. To hold that plaintiff is not entitled to the recovery of a fee merely because a physical bill was not generated would again result in the creation of an absurd rule that exalts form over substance. Indeed, if that were the critical fact in resolving this case, we would merely remand the matter

---

[13] See *Jones v Barnett*, 236 Ark 117, 125; 365 SW2d 241 (1963) (Johnson, J., dissenting in part).

to the trial court with instructions to require plaintiff to present such a bill from his firm.

Finally on this point, we acknowledge that an argument might be made that, under the language of MCL 15.271(4), only an "actual attorney fee" is recoverable and that there is none in a case in which an attorney represents himself. That would be true only if an "actual attorney fee" meant an actual, physical bill from a law firm or the actual payment of a fee by a client to his or her attorney. We do not believe the term "actual attorney fee" can be read so narrowly. Taking the second point first, that the client has had to actually pay the attorney, we are aware of no rule that the fee may not be recovered until after the client has paid the bill. And as for whether the attorney had to actually bill the client, we again dismiss such a requirement as exalting form over substance. Such a requirement could easily be satisfied if Fisher & Omdahl would generate a bill to Mr. Omdahl.

Rather, again turning to the wisdom of President Lincoln, an attorney's stock in trade is his or her time. The actual attorney fee is the actual time invested by the attorney in the case multiplied by his or her billing rate. As used in the statute, the term "actual" is in contrast to the term "reasonable" (the term used under FOIA[14]). It reflects, we believe, not the Legislature's concern with whether a bill has been generated, but with its intent that the full value of the attorney's time be recompensed and not abridged by what a trial judge might deem reasonable. That is, while a plaintiff in a FOIA case may not get his or her full attorney fee reimbursed by the defendant because the attorney charged a fee subject to downward adjustment by a judge, the plain meaning of the OMA provision is that

[14] MCL 15.240(6).

the full attorney fee incurred is to be paid subject only to a demonstration of time spent and customary billing practice.

For the above reasons, we conclude that, under the plain meaning of MCL 15.271(4), plaintiff was entitled to recover attorney fees. He is a person who commenced a civil action to enforce the OMA and he prevailed. Accordingly, MCL 15.271(4) directs that he "shall recover court costs and actual attorney fees for the action." The amount of the actual attorney fees is the value of the professional time that he invested in the case; that is, the actual number of hours times his actual billing rate.

Furthermore, the trial court erred in not awarding him court costs pursuant to MCL 15.271(4). The statute plainly provides that a prevailing person is entitled to an award of court costs incurred during the course of litigation. Even if we were to agree with defendants and the trial court that no attorney fees are awardable because there was no actual attorney fee incurred, clearly court costs were still incurred and there is no reason not to award them. In other words, where court costs were paid, a cost award is merited. Indeed, under the statute it is mandatory.

The trial court concluded that defendants violated MCL 15.267(2), and plaintiff was obviously a "person" under MCL 15.271(4) who incurred court costs. Further, plaintiff's action included his amended pleadings because the claim asserted in his amended pleadings arose out of the conduct set forth, or attempted to be set forth, in the original pleading; therefore, those amendments relate back to the date of the original pleading.[15] Accordingly, regardless of the initial difficulty plaintiff

---

[15] See MCR 2.118(D).

had in stating a claim for relief, plaintiff is entitled to all court costs that he incurred as a result of the litigation.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff may tax costs.

DAVIS, J., concurred.

KELLY, J. (*concurring in part and dissenting in part*). Although I agree with the majority that the trial court erred in denying plaintiff's request for costs, I would affirm the trial court's denial of plaintiff's request for attorney fees. The plain language of the Open Meetings Act (OMA), MCL 15.261 *et seq.*, does not permit plaintiff, an attorney who proceeded in propria persona throughout this litigation, to recover attorney fees not actually incurred. MCL 15.271(4).

This case presents an issue involving statutory interpretation. The proper interpretation of a statutory provision is a question of law that this Court reviews de novo. *Lincoln v Gen Motors Corp,* 461 Mich 483, 489-490; 607 NW2d 73 (2000). The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature. *Neal v Wilkes,* 470 Mich 661, 665; 685 NW2d 648 (2004). The words of the statute provide the most reliable evidence of legislative intent. *Id.* Accordingly, nothing will be read into a clear statute that is not within the manifest intention of the Legislature as derived from the language of the statute itself. *Roberts v Mecosta Co Gen Hosp,* 466 Mich 57, 63; 642 NW2d 663 (2002). "Courts must give effect to every word, phrase, and clause in a statute, and must avoid an interpretation that would render any part of the statute surplusage or nugatory. Further, we give undefined statutory terms their plain and ordinary meanings. In

those situations, we may consult dictionary defini-
tions." *Koontz v Ameritech Services, Inc,* 466 Mich 304,
312; 645 NW2d 34 (2002) (citations omitted).

Under MCL 15.271(4), attorney fees are to be
awarded as follows:

> If a public body is not complying with this act, and a
> person commences a civil action against the public body for
> injunctive relief to compel compliance or to enjoin further
> noncompliance with the act and succeeds in obtaining
> relief in the action, the person shall recover court costs and
> actual attorney fees for the action.

In my opinion, the issue whether the trial court erred
in denying plaintiff's request for attorney fees pursuant
to MCR 15.271(4) turns on the phrase *"actual* attorney
fees for the action." Our Supreme Court recently rec-
ognized that the word "actual" means "existing in act,
fact, or reality; real." *People v Yamat,* 475 Mich 49, 54 n
15; 714 NW2d 335 (2006), quoting *Random House
Webster's College Dictionary* (1997). Plaintiff has failed
to demonstrate that the attorney fees he seeks existed
in act, fact, or reality. Plaintiff has instead demon-
strated that he spent his own time and effort prosecut-
ing this case. And although Abraham Lincoln recog-
nized the value of a lawyer's "time and advice," the
OMA does not provide for a recovery of this time or
effort. While I agree with the majority's assertion that
"actual attorney fee" does not necessarily or exclusively
mean "an actual, physical bill from a law firm or the
actual payment of a fee by a client to his attorney," I
suggest that determining whether "actual attorney
fees" were incurred would include a consideration of
both of these things, and may, in some circumstances,
include more.[1]

---

[1] To take the example presented by the majority, if an attorney
employed a ruse such as naming his or her secretary as the plaintiff, the

The majority opinion focuses on whether other cases, addressing other statutes or court rules, have allowed an award of attorney fees when the prevailing party acted in propria persona. However, according to the well-established rules of statutory construction, if the language of the statute is clear, judicial construction is not permitted. *Nastal v Henderson & Assoc Investigations, Inc,* 471 Mich 712, 720; 691 NW2d 1 (2005). Thus, any reliance on other cases addressing other statutes or court rules is inappropriate. Furthermore, the issue is not whether an attorney acting in propria persona who succeeds in obtaining relief under the OMA is entitled to attorney fees. The issue is rather whether plaintiff incurred actual attorney fees for this action.

The plain language of MCL 15.271(4), aside from being unambiguous and, therefore, not subject to construction, resolves several of the majority's concerns. First, the majority notes that it cannot know whether the Legislature "had an opinion regarding whether or not to 'subsidize attorneys without clients.' " *Ante* at 555. I agree that the Legislature's opinion in this regard cannot be known. However, it is a well-established rule that courts may not speculate about the probable intent of the Legislature beyond the language expressed in the statute. *Pohutski v City of Allen Park,* 465 Mich 675, 683; 641 NW2d 219 (2002). Because the statute requires that attorney fees actually be incurred, we need not speculate whether the Legislature, in writing the OMA, intended to subsidize attorneys without clients.

trial court, upon demonstration of this fact, might conclude that the plaintiff secretary did not incur "actual attorney fees." Under such circumstances, whether the attorney actually generated a bill or the secretary actually received or paid the bill would only be part of the inquiry. The ultimate dispositive inquiry would be whether the plaintiff secretary incurred actual liability for fees actually owed.

The majority also expresses concern that the general rule precluding attorneys acting in propria persona from recovering attorney fees might (1) include attorneys who prosecute claims in which they *do* have a personal interest and (2) be inadequate to prevent attorneys from seeking out cases solely to recover fees. Even if these were considered legitimate concerns regarding this general rule, this general rule is nowhere found in the OMA and, therefore, these concerns are absolutely irrelevant to the analysis in this case. The OMA simply requires that "actual attorney fees" be incurred for the action before they can be recovered by a prevailing party.

Finally, in response to the majority's question "Why should an attorney who chooses to represent himself or herself not be awarded a fee upon prevailing?", *ante* at 556, I answer that the appropriate question in this case is not whether the attorney "should," as a matter of public policy; rather, the question is whether the OMA permits the attorney to recover attorney fees not actually incurred as required by the plain language of the statute. Because plaintiff has failed to demonstrate that he actually incurred any attorney fees under MCL 15.271(4), he has no actual attorney fees to recover. The majority's conclusion that plaintiff should nonetheless be awarded attorney fees inappropriately reads into the statute an equitable provision that does not exist. I would affirm the trial court's denial of plaintiff's request for attorney fees.