**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:
Clifford W. Taylor

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

FILED JUNE 27, 2007

TORGER G. OMDAHL,

      Plaintiff-Appellee,

v

No.  131926

WEST IRON COUNTY BOARD OF
EDUCATION, ROBERT HAN, M.D.,
JAMES QUAYLE, DONALD AUTIO,
JAMES BURKLAND, ERIC
MALMQUIST, BETH VEZZETTI and
CHRISTINE SHAMION,

      Defendants-Appellants.

BEFORE THE ENTIRE BENCH

TAYLOR, C.J.

At issue in this case is whether a pro se litigant, who is also an attorney, may recover "court costs and actual attorney fees," MCL 15.271(4), after he or she brings a successful action under the Open Meetings Act. We conclude that because an attorney is defined as an agent of another person, there must be separate identities between the attorney and the client before the litigant may recover actual attorney fees. Accordingly, we reverse the judgment of the Court

of Appeals that held to the contrary, and remand to the trial court for further proceedings consistent with this opinion.

## I. FACTUAL BACKGROUND AND PROCEDURAL POSTURE

Torger Omdahl, an attorney proceeding *in propria persona*, sued his former client, the West Iron County Board of Education, for violations of the Open Meetings Act (OMA), MCL 15.261 *et seq.* The trial court granted judgment for Omdahl, ruling that the board violated the OMA by failing to take minutes at two closed sessions. However, the trial court denied Omdahl's request for attorney fees. Omdahl appealed.

The Court of Appeals, in a divided decision, reversed the denial of attorney fees and costs. *Omdahl v West Iron Co Bd of Ed,* 271 Mich App 552, 553; 722 NW2d 691 (2006). The majority noted the general rule that a party proceeding *in propria persona* is not entitled to an award of attorney fees. *Id.* However, MCL 15.271(4) of the OMA specifically mandated an award of actual attorney fees to a prevailing plaintiff. *Omdahl, supra* at 554. The Court recognized a split of authority in contexts other than the OMA regarding whether an attorney proceeding *in propria persona* could collect attorney fees. *Id.* It found unpersuasive the argument that allowing an attorney plaintiff proceeding *in propria persona* to collect attorney fees would create a cottage industry that would subsidize attorneys without clients. *Id.* at 555. The majority then stated:

> [A]s Abraham Lincoln is quoted as saying, "a Lawyer's time and advice are his stock in trade." We see no reason why plaintiff should be expected to give away his stock in trade merely because

2

he is seeking to redress a wrong on his own behalf, and in which the public always has an interest, instead of on behalf of a third party. Whether representing himself or a client, he is investing the time. It is time he could have invested on behalf of another client who would have paid a fee. [*Id.* at 556-557.]

The majority declined to read "actual attorney fee" as requiring an actual physical bill or the actual payment of a fee. *Id.* at 557-558. Rather, it concluded that the actual attorney fee constituted the value of the professional time Omdahl invested in the case. *Id.* at 559.

Judge Kelly dissented, stating that the statute referred to "actual" attorney fees; "actual" was defined as "'existing in act, fact, or reality; real'"; and Omdahl did not demonstrate that the fees he sought existed in act, fact, or reality. *Id.* at 561, quoting *People v Yamat*, 475 Mich 49, 54 n 15; 714 NW2d 335 (2006) (internal quotation omitted). She opined that it was inappropriate to rely on cases addressing other statutes or court rules because the statute at issue in the instant case unambiguously requires that the attorney fees actually be incurred. *Omdahl, supra* at 562 (Kelly, J., dissenting). With respect to the quote from Abraham Lincoln, Judge Kelly stated: "And although Abraham Lincoln recognized the value of a lawyer's 'time and advice,' the OMA does not provide for a recovery of this time or effort."

Defendant board of education sought leave to appeal in this Court, arguing that (1) the plain language of MCL 15.271(4) required "actual attorney fees," (2) an attorney representing himself or herself could not claim actual attorney fees because he or she was not obligated to reimburse himself or herself for services,

3

(3) the Court of Appeals impermissibly engaged in judicial legislation by not applying the statute as clearly written, and (4) if the Court of Appeals published opinion was allowed to stand it would wreak havoc not only in this case but on future litigation involving statutory construction. This Court ordered oral argument on whether the application for leave to appeal should be granted. 477 Mich 961 (2006).

## II. STANDARD OF REVIEW

The interpretation of a statute presents an issue of law that is reviewed de novo. *Lapeer Co Clerk v Lapeer Circuit Judges,* 465 Mich 559, 566; 640 NW2d 567 (2002). Our primary purpose when construing a statute is to effectuate legislative intent. *In re MCI Telecom Complaint,* 460 Mich 396, 411; 596 NW2d 164 (1999). Legislative intent is best determined by the language used in the statute itself. *Id.* When the language is unambiguous, we give the words their plain meaning and apply the statute as written. *Id.*

## III. ANALYSIS

The OMA was enacted by the Legislature in 1968 to consolidate the hodgepodge of statutes requiring governmental accountability and disclosure. *Booth v Univ of Michigan Bd of Regents,* 444 Mich 211, 221; 507 NW2d 422 (1993); 1968 PA 261. The *Booth* Court explained that legislators perceived that, by promoting openness of governmental deliberations, the act would cause responsible decision making and minimize abuse of power. *Booth, supra* at 223. Because the act initially failed to provide for an enforcement mechanism or

4

penalties for noncompliance, the act was repealed and reenacted by 1976 PA 267 to remedy the oversight and "promote a new era in governmental accountability." *Booth, supra* at 222. One of these newly enacted enforcement provisions was MCL 15.271(4), which provided that a successful party could recover court costs and actual attorney fees. It is this provision under which Omdahl claims he is entitled to attorney fees even though he was a pro se litigant in the OMA action.

In determining whether a party is entitled to statutory attorney fees, the first thing to consider is the statutory language itself. The relevant provision of the OMA, MCL 15.271(4), states:

> If a public body is not complying with this act, and a person commences a civil action against the public body for injunctive relief to compel compliance or to enjoin further noncompliance with the act and succeeds in obtaining relief in the action, the person shall recover court costs and actual attorney fees for the action.

Because Omdahl prevailed in his action against the board of education under the OMA, the only question was whether there were "actual attorney fees" for Omdahl to recover.

The meaning of these three words is central to the resolution of this case. The word "actual" means "'existing in act, fact, or reality; real.'" *Yamat, supra* at 54 n 15, quoting *Random House Webster's College Dictionary* (1997). "Attorney" is defined as a "lawyer" or an "attorney-at-law." *Random House Webster's College Dictionary* (2001). The definition of "lawyer" is "a person whose profession is *to represent clients* in a court of law or *to advise or act for them* in other legal matters." *Id.* And the definition of "attorney-at-law" is "an

5

officer of the court authorized to appear before it as a *representative of a party* to a legal controversy." *Id.* Clearly, the word "attorney" connotes an agency relationship between two people.[1] "Fee" is relevantly defined as "a sum charged or paid, as for professional services or for a privilege." *Id.*

The courts of this state as well as the federal courts have, in deciding cases of this sort, focused on the concept that an attorney who represents himself or herself is not entitled to recover attorney fees because of the absence of an agency relationship.[2]

---

[1] We have applied the plain and unambiguous meaning of the term "attorney" by discerning the reasonable meaning of the term through relevant dictionary definitions. The dissent claims that the definitions of "attorney" do not explicitly require an agency relationship; however, the most reasonable interpretation of the term does require such a relationship, and the dissent does not cite a single instance in which "attorney" is defined in any context other than an agency relationship. The dissent compounds its erroneous analysis by ignoring the fact that the word "fees," as used in the statute, is modified not only by the word "actual," but also by the word "attorney."

[2] We note in passing that these courts also relied on several public policy grounds in reaching their conclusions. In *Falcone v Internal Revenue Service,* 714 F2d 646, 647-648 (CA 6, 1983), the Sixth Circuit Court of Appeals reasoned that the attorney fee provision was intended to relieve plaintiffs of the burden of legal costs, not to provide pro se plaintiffs a windfall for fees never incurred; the provision was intended to encourage prospective plaintiffs to seek the advice of detached and objective legal professionals; and the provision was not intended to create a cottage industry for clientless attorneys. The Court of Appeals in *Laracey v Financial Institutions Bureau,* 163 Mich App 437, 444-446; 414 NW2d 909 (1987), relied on the first and third grounds stated in *Falcone, supra.* In *Kay v Ehrler,* 499 US 432, 437-438; 111 S Ct 1435; 113 L Ed 2d 486 (1991), the United States Supreme Court also noted that the purpose of the provision was to encourage prospective plaintiffs to seek the advice of detached and objective counsel. And the Court of Appeals in *Watkins v Manchester,* 220 Mich App 337, 343-345; 559 NW2d 81 (1996), in addition to relying on *Laracey, supra,* and *Kay,*

(continued…)

6

In *Laracey v Financial Institutions Bureau,* 163 Mich App 437, 441; 414 NW2d 909 (1987), the Court of Appeals considered whether an attorney acting *in propria persona* could collect attorney fees under MCL 15.240(4) of the Michigan Freedom of Information Act (FOIA). That act provided that the fees, to be awardable, had to be "reasonable attorney fees."[3]

The Court stated that an attorney proceeding *in propria persona* actually had no attorney for the purpose of the attorney fee provision and thus no fees were recoverable. *Laracey, supra* at 445. In doing so, it relied on the reasoning from the Eleventh Circuit in *Duncan v Poythress,* 777 F2d 1508, 1518 (CA 11, 1985) (Roney, J., dissenting):

> For there to be an attorney in litigation there must be two people. Plaintiff here appeared *pro se.* The term "*pro se*" is defined

---

(…continued)
*supra,* noted that pro se attorneys should not be able to recover for time that could have been spent representing other clients when pro se plaintiffs who were not attorneys also could suffer lost income or business opportunities as a result of time spent in litigation. While this public policy reasoning may be of interest, we decline to rely on it here because the statutory language can be applied plainly without resort to public policy analysis; thus, the dissent's claim that we have relied on public policy to reach our decision in the instant case is unfounded.

[3] MCL 15.240(4) provided:

> *If a person asserting the right to inspect* or to receive a copy of *a public record* or a portion thereof *prevails* in an action commenced pursuant to this section, *the court shall award reasonable attorneys' fees*, costs, and disbursements. If the person prevails in part, the court may in its discretion award reasonable attorneys' fees, costs, and disbursements or an appropriate portion thereof. The award shall be assessed against the public body liable for damages under subsection (5). [Emphasis added.]

as an individual acting "in his own behalf, in person." By definition, the person appearing "in person" has no attorney, no agent appearing for him before the court. The fact that such plaintiff is admitted to practice law and available to be an attorney for others, does not mean that the plaintiff has an attorney, any more than any other principal who is qualified to be an agent, has an agent when he deals for himself. In other words, when applied to one person in one proceeding, the terms "*pro se*" and "attorney" are mutually exclusive. [*Laracey, supra* at 445 n 10, quoting *Duncan, supra* (Roney, J., dissenting).]

The Court of Appeals thus determined that a plaintiff attorney proceeding *in propria persona* is not entitled to attorney fees under FOIA.[4]

Building on *Laracey,* the Court of Appeals in *Watkins v Manchester,* 220 Mich App 337, 341-344; 559 NW2d 81 (1996), in construing the attorney fee provisions in the case evaluation rules that gave "reasonable" attorney fees, held that a defendant attorney who represents himself or herself is not entitled to an award of attorney fees under MCR 2.403(O).  While the statutory and court rule language interpreted in *Laracey* and *Watkins* differed somewhat from the language in the present statute in that the attorney fee was to be "reasonable" as opposed to

---

[4] While the dissent criticizes the majority for relying on cases interpreting the statutory language "reasonable attorney fees," and claims that the difference between actual attorney fees and reasonable attorney fees is significant, we note that our focus in this case is on "attorney" not "actual."  In this respect, the dissent's attempt to distinguish *Laracey* fails.  *Laracey* is relevant because both *Laracey* and the instant case involve attempts by an attorney appearing *in propria persona* to recover attorney fees.  We find *Laracey* persuasive for the relevant portion of its holding, which states that "both a client and an attorney are necessary ingredients for an attorney fee award." *Laracey, supra* at 446.  Contrary to Justice Weaver's assertion, the term "reasonable," as used in the statute in *Laracey,* does not affect this analysis.

"actual," the courts in both cases focused on the availability of any attorney fees when the agency relationship was missing, which is also the situation here.

In *Falcone v Internal Revenue Service,* 714 F2d 646 (CA 6, 1983), the Sixth Circuit similarly held that a pro se attorney may not recover attorney fees under 5 USC 552(a)(4)(E) of the federal Freedom of Information Act where attorney fees to be allowable had to be reasonable. In so concluding, the court stated, "The fortuitous fact that such a FOIA plaintiff is also an attorney makes no difference. Both a client and an attorney are necessary ingredients for an award of fees in a FOIA case." *Falcone, supra* at 648.

Similarly, the United States Supreme Court in *Kay v Ehrler,* 499 US 432, 435, 438; 111 S Ct 1435; 113 L Ed 2d 486 (1991), affirmed the Sixth Circuit in holding that a successful *in propria persona* attorney may not recover attorney fees under 42 USC 1988, where the fees were allowed if reasonable. It noted that the use of the word "attorney" assumed an agency relationship and found it likely that Congress intended to predicate an award under § 1988 on the existence of an attorney-client relationship. *Kay, supra* at 435-436. After noting that the circuit court interpreted the statute as assuming there was a "'paying relationship between an attorney and a client,'" the Court agreed "that the overriding statutory concern is the interest in obtaining *independent* counsel for victims of civil rights violations." *Id.* at 435, 437.

In the instant case, the Court of Appeals reliance on the case that predated *Laracey* and *Watkins, Wells v Whinery,* 34 Mich App 626; 192 NW2d 81 (1971),

was misplaced. While the issue in *Wells* was whether an attorney plaintiff who represented himself could recover attorney fees under MCL 600.2522, that Court neglected to directly consider whether an agency relationship existed, *Wells, supra* at 630, and is unpersuasive, as *Watkins* concluded, *Watkins, supra* at 342.

Thus, with these definitions and the caselaw we have discussed in mind, it being clear that there was no agency relationship between two different people, there was no lawyer-client relationship as understood in the law. Therefore, there were no "actual attorney fees" for Omdahl to recover under MCL 15.271(4).

## IV. CONCLUSION

In sum, by its plain terms, the phrase "actual attorney fees" requires an agency relationship between an attorney and the client whom he or she represents. Therefore, there must be separate identities between the attorney and the client, and a person who represents himself or herself cannot recover actual attorney fees even if the pro se individual is a licensed attorney. Accordingly, we reverse the judgment of the Court of Appeals and remand this case to the trial court for proceedings consistent with this opinion.

Reversed and remanded to the trial court.

> Clifford W. Taylor
> Maura D. Corrigan
> Robert P. Young, Jr.
> Stephen J. Markman

STATE OF MICHIGAN

SUPREME COURT

TORGER G. OMDAHL,

        Plaintiff-Appellee,

v                                No. 131926

WEST IRON COUNTY BOARD OF
EDUCATION, ROBERT HAN, M.D.,
JAMES QUAYLE, DONALD AUTIO,
JAMES BURKLAND, ERIC
MALMQUIST, BETH VEZZETTI and
CHRISTINE SHAMION,

        Defendants-Appellants.

_____

WEAVER, J. *(dissenting).*

      I respectfully dissent from the majority's holding that a pro se litigant who is an attorney is barred from recovering "actual attorney fees" under MCL 15.271(4), the Open Meetings Act (OMA), because there must be separate identities between the attorney and the client, within the confines of an attorney-client agency relationship, before the attorney may recover actual attorney fees. Instead, I would hold that the plain language of the OMA, which makes no reference to an agency relationship as a prerequisite to an award of attorney fees, allows for a pro se litigant who is an attorney to recover "actual" attorney fees under MCL 15.271(4).

I. FACTS AND PROCEDURAL HISTORY

Plaintiff Torger Omdahl, an attorney who represented himself in this litigation, sued defendant West Iron County Board of Education and others for violations of the Open Meetings Act (OMA). The complaint alleged that defendants violated the OMA by engaging in an illegal closed session. After the session, defendants voted to remove plaintiff from representation of the board in a particular lawsuit and to fire plaintiff as the board's attorney. Plaintiff claimed that this closed session violated the OMA because it was held for the purpose of firing him, not for the stated purpose of discussing a letter from plaintiff regarding the case in which plaintiff was providing representation. Defendants moved for summary disposition pursuant to MCR 2.116(C)(8), failure to state a claim.

The circuit court granted defendant's motion, ruling that the challenged meeting was legal on its face. However, the court allowed plaintiff 21 days to amend his complaint. Plaintiff then added count III, "false reference to purpose for closed session," and defendants renewed their motion for summary disposition. Plaintiff filed an amended complaint, adding a count alleging that defendants also violated the OMA by failing to take minutes in the executive sessions in question. In all three of plaintiff's complaints, he requested an award of "actual attorney fees, together with costs and disbursements." The circuit court dismissed plaintiff's first three counts, retaining only the count relating to the failure to take minutes. Defendants then filed an amended summary disposition motion under MCR 2.116(C)(10).

At a hearing on the C(10) motion, the circuit court stated that defendants should not be required to pay actual attorney fees because there was no attorney in this case since plaintiff was appearing pro per. However, the judge stated that defendants did violate the OMA by failing to keep minutes and ruled that they must keep minutes at any future closed sessions. The judge explained that he would not order any costs because the facts in the original complaint were the subject of depositions, litigation, and motions and were heard and already dismissed for having no basis.

Plaintiff appealed, and in a published opinion the Court of Appeals reversed the denial of fees and costs and remanded with instructions to enter an award of attorney fees and costs. *Omdahl v West Iron Co Bd of Ed,* 271 Mich App 552, 553; 722 NW2d 691 (2006). Judge Kelly, dissenting in part, would have affirmed the award of costs but would have denied the award of attorney fees because they were not "actually incurred." *Id*. At 561 (Kelly, J. concurring in part and dissenting in part). Defendants now seek review of that decision in this Court, and plaintiff has responded. This Court ordered oral argument on whether the application for leave to appeal should be granted. 477 Mich 961 (2006).

## II. STANDARD OF REVIEW

For the purposes of this dissent, I agree with the standard of review presented by the majority opinion, *ante* at 4:

> The interpretation of a statute presents an issue of law that is reviewed de novo. *Lapeer Co Clerk v Lapeer Circuit Judges,* 465 Mich 559, 566; 640 NW2d 567 (2002). Our primary purpose when

3

construing a statute is to effectuate legislative intent. *In re MCI Telecom Complaint,* 460 Mich 396, 411; 596 NW2d 164 (1999). Legislative intent is best determined by the language used in the statute itself. *Id.* When the language is unambiguous, we give the words their plain meaning and apply the statute as written. *Id.*

## III. ANALYSIS

Contrary to the majority's conclusion, the plain language and unambiguous meaning of the OMA allow a litigant to recover "actual attorney fees," regardless of whether the attorney is a pro per litigant. Central to the disposition of this case is the meaning and interpretation of the phrase "actual attorney fees" contained within MCL 15.271(4), the part of the OMA dealing with awards of court costs and attorney fees. MCL 15.271(4) states:

> If a public body is not complying with this act, and a person commences a civil action against the public body for injunctive relief to compel compliance or to enjoin further noncompliance with the act and succeeds in obtaining relief in the action, *the person shall recover court costs and actual attorney fees for the action.* [Emphasis added.]

This Court, in determining the meaning of a statutory term, looks to the common and ordinary meaning of the term. *Veenstra v Washtenaw Country Club*, 466 Mich 155, 160; 645 NW2d 643 (2002). The term "actual attorney fees" requires the word "actual" to be interpreted. The simple definition of the word "actual" is "existing in fact; real." Black's Law Dictionary (8th ed). *Merriam-Webster Online* defines "actual" as "existing in act and not merely potentially"; "existing in fact or reality"; "not false or apparent <actual costs>"; "existing or

4

occurring at the time." <http://www.american-webster.com/dictionary/actual> (accessed June 12, 2007).

Actual attorney fees are costs that are real, not merely speculative. The word "actual" should not be construed so far as to require an exchange of a fee from one entity to another, but rather to require that the attorney fee is calculable or recorded and, more importantly, can be relied on. The attorney fees must be more than speculative, they must be existing in fact.

In the present case, plaintiff was entitled to an award of both costs and attorney fees under MCL 15.271(4) because defendants had violated the OMA, and plaintiff was a person who had commenced the action to enforce the OMA and had prevailed. Plaintiff requested attorney fees in all three of his complaints. Plaintiff sought attorney fees from the outset of his claim, not as an afterthought. He reasonably relied on the terms in the statute when requesting relief. The attorney fees sought are not speculative, but exist in fact as legal services rendered. Plaintiff is not setting up shop to recover attorney fees, but is seeking to vindicate his rights under the plain language of the OMA, which contains a mandatory fee scheme created by the statutory use of the term "actual attorney fees."

The majority argues that the plain language and unambiguous interpretation of MCL 15.271(4) requires an agency relationship between an attorney and a client in order to recover actual attorney fees. In support of this theory, the majority cites various definitions of "attorney" and "fee," surmising that an

5

attorney-client relationship is essential to the existence of "actual attorney fees."

However, none of the definitions that the majority cites supports an interpretation

that an agency relationship is necessary to the existence of actual attorney fees that

are recoverable under the OMA.[1]  The majority states:

> "Attorney" is defined as a "lawyer" or an "attorney-at-law." *Random House Webster's College Dictionary* (2001).   The definition of "lawyer" is "a person whose profession is *to represent clients* in a court of law or *to advise or act for them* in other legal matters."  *Id.*  And the definition of "attorney-at-law" is "an officer of the court authorized to appear before it as a *representative of a party* to a legal controversy."  *Id.*   Clearly, the word "attorney" connotes an agency relationship between two people. [*Ante* at 5-6.]

While it is true that an attorney most commonly represents others, there is

nothing in the definitions cited by the majority that prevents an attorney from

representing himself.[2]  While the definitions of "attorney" may imply a possible

---

[1] Although the definition of the term "actual" in *People v Yamat*, 475 Mich 49, 54 n 15; 714 NW2d 335 (2006), which the majority uses is accurate, it is not taken in context of the case at hand.  In *Yamat*, a felonious driving case, "actual" is used in the pertinent Michigan Vehicle Code provision defining "operate" as "being in actual physical control . . . ."  *Id.* at 56.  In *Yamat* the term "actual" was contrasted to the term "exclusive."  *Id.* at 56-57.  In this case, the term "actual" is in reference to attorney fees and contrasted to the term "reasonable."  Although the simple definition is the same, the implicit meaning of the word in context allows the word "actual" to be read to mean "not merely speculative."  In a mandatory fee scheme, because discretion is not permitted when determining recovery, the fee must be verifiable.

[2] The majority reasons that an attorney representing himself or herself does not have a client, thus precluding the existence of an agency relationship.  This reasoning creates an inconsistent hypothetical situation with no client and no lawyer.   However, an attorney is not precluded from applying his or her specialized skills in a case where the attorney himself or herself is the client.  The old adage "an attorney who represents himself has a fool for a client," illustrates

(continued…)

6

agency relationship, the definitions do not explicitly require one. As a result, a plain and unambiguous interpretation of the OMA does not include a mandatory agency relationship as a prerequisite to recovering attorney fees. Under the statutory scheme, all that is required is that there exist "actual attorney fees." Plaintiff has shown that he has "actual" attorney fees as opposed to speculative fees, and should be allowed to recover those fees under the plain and unambiguous language of the OMA.

---

(…continued)

that an individual is not precluded—but discouraged—from playing both roles. Attorney fee awards do encourage those who otherwise would not be able to afford counsel to bring claims, knowing they will recover fees and costs. However, encouraging the retention of counsel does not necessarily preclude self-representation by a qualified attorney who has the requisite specialized skills to adequately represent himself or herself.

Moreover, the caselaw cited by the majority to not award attorney fees to attorneys who are pro se litigants applies only to statute-specific holdings and does not apply to the award of "actual attorney fees" as mandated by the OMA. See *Laracey v Financial Institutions Bureau,* 163 Mich App 437, 441; 414 NW2d 909 (1987) (nonbinding Michigan Court of Appeals case analyzing the award of attorney fees with regard to state Freedom Of Information Act claims); *Falcone v Internal Revenue Service,* 714 F2d 646, 647-648 (CA 6, 1983) (Federal Sixth Circuit Court of Appeals case analyzing attorney fee awards with respect to the federal FOIA); *Watkins v Manchester,* 220 Mich App 337, 341-344; 559 NW2d 81 (1996) (Michigan Court of Appeals case analyzing the award of discretionary "reasonable" attorney fees with respect to MCR 2.403[O]); *Kay v Ehrler,* 499 US 432, 435, 438; 111 S Ct 1435; 113 L Ed 2d 486 (1991) (United States Supreme Court case holding that an attorney proceeding *in propria persona* may not recover discretionary "reasonable" attorney fees under 42 USC 1988). The present case is the only Michigan case that contemplates an award of "actual attorney fees" under the OMA.

The majority cites *Laracey v Financial Institutions Bureau,* 163 Mich App 437, 441; 414 NW2d 909 (1987), to assert that an agency relationship is necessary for recovering attorney fees under the OMA. The majority's reliance on *Laracey* is misplaced. In *Laracey* the Court of Appeals considered whether an attorney acting pro per could collect attorney fees under MCL 15.240(4) of the Michigan Freedom of Information Act (FOIA). Use of the word "actual," as opposed to "reasonable," is significant in the context of attorney fees recoverable under the OMA versus FOIA. Under MCL 15.240 of FOIA, the term "reasonable attorneys' fees" is utilized. MCL 15.240 states:

> (6) If a person asserting the right to inspect, copy, or receive a copy of all or a portion of a public record prevails in an action commenced under this section, the court shall award *reasonable attorneys' fees, costs, and disbursements*. If the person or public body prevails in part, the court may, in its discretion, award all or an appropriate portion of reasonable attorneys' fees, costs, and disbursements.

The term "actual attorney fees" in MCL 15.271(4) of the OMA creates a mandatory fee scheme under the OMA, while the term "reasonable attorney fees" in MCL 15.240 of FOIA creates a discretionary fee scheme under FOIA.[3] Despite the fact that the OMA and FOIA are often read in harmony to further the purpose of both acts, the statutory fee schemes are different and should be interpreted distinctly.

---

[3] See also *Manning v City of East Tawas*, 234 Mich App 244, 253; 593 NW2d 649 (1999).

8

In interpreting the term "actual" under the OMA, the Court of Appeals reasoned:

> As used in the statute, the term "actual" is in contrast to the term "reasonable" (the term used under FOIA). It reflects, we believe, not the Legislature's concern with whether a bill has been generated, but with its intent that the full value of the attorney's time be recompensed and not abridged by what a trial judge might deem reasonable. That is, while a plaintiff in a FOIA case may not get his or her full attorney fee reimbursed by the defendant because the attorney charged a fee subject to downward adjustment by a judge, the plain meaning of the OMA provision is that the full attorney fee incurred is to be paid subject only to a demonstration of time spent and customary billing practice. [*Omdahl, supra* at 558-559.]

The Court of Appeals interpretation of "actual attorney fees" relies on the plain and unambiguous meaning of the statutory language of MCL 15.271(4) to conclude that attorney fees are actual if they are not speculative.

On the other hand, the majority's reliance on *Laracey* depends on everything except for the plain language of the OMA to assert that the existence of an agency relationship is necessary to recover attorney fees. First, because of the difference in the fee schemes outlined in the OMA versus FOIA, any analogy between the interpretations of one scheme to the other is misplaced. The majority cannot use *Laracey* and its progeny to interpret the OMA because the fee schemes are fundamentally different. The OMA fee scheme should only be interpreted on the basis of the plain language found in the OMA.

Second, although the majority claims otherwise, its entire analysis that an agency relationship is required in order to recover actual attorney fees is based on a public policy analysis, instead of on a plain interpretation of the unambiguous

statutory language of the OMA. The rationale for denying pro se lawyer litigants from recovering attorney fees under FOIA is inconsistent and should not be applied to the OMA. In *Laracey*, the Court determined that the award of attorney fees was intended to relieve a plaintiff's legitimate claim to legal costs. *Laracey, supra* at 444. The *Laracey* Court reasoned that this would afford lawyer litigants a windfall for all the costs that were incurred. *Id*. at 445. Further, the Court reiterated the trial court's determination that a lawyer litigant's opportunity cost has no greater significance than the lost opportunity costs of laymen who proceed pro se. *Id.* at 441. This argument falls short in the present case and should have no applicability because it is an analysis that is based on public policy.

By insisting that an agency relationship exist for attorney fees to be paid under the OMA, the majority cites a multitude of considerations: the OMA fee provision was intended to relieve plaintiffs of the burden of legal costs, not to provide pro se plaintiffs a windfall for fees never incurred; the provision was intended to encourage prospective plaintiffs to seek the advice of detached and objective legal professionals; and the provision was not intended to create a cottage industry for clientless attorneys. All these considerations are *public policy* considerations that can be found nowhere within the text of MCL 15.271(4). While some of these considerations may be valid, they are issues that need to be flushed out, discussed, and legislated by the appropriate branch of government: the Legislature, not the Court. Nowhere in the plain language of the OMA is there a requirement that an agency relationship exist in order to recover attorney fees.

10

MCL 15.271(4) expressly provides the criteria that must be met in order to recover court costs and attorney fees in an OMA suit: (1) a public body is not complying with the OMA, (2) a person commences a civil action against the public body for injunctive relief to compel compliance or enjoin further noncompliance, and (3) that person succeeds in obtaining relief in the action. In this case, the board violated the OMA by failing to take and keep minutes. Plaintiff commenced a suit against the board. Plaintiff was successful in obtaining relief when the circuit court held that the board was acting in violation of the OMA and ordered the board to comply with the OMA in the future. Clearly, each requirement of the statute is met.

The Court of Appeals has previously held that costs and fees are mandatory under the OMA when the plaintiff obtains relief in an action brought under the act. *Kitchen v Ferndale City Council*, 253 Mich App 115; 654 NW2d 918 (2002). Although the statute uses the words "actual attorney fees," it contains no restriction indicating that certain plaintiffs do not have "actual," not speculative, fees. Presumably, plaintiff has kept records of the fees he incurred in pursuing this litigation. Also, as previously stated, he has requested these fees from the commencement of this lawsuit. There is no statutory provision or caselaw dictating that plaintiff should be denied attorney fees simply because by profession he is an attorney and was able to represent himself.

IV. CONCLUSION

The Court of Appeals in this case was correct when it stated that the term "actual attorney fee" was not to be read narrowly, was meant to be read in contrast to the term "reasonable," and reflected the Legislature's concern not with whether a bill was generated for attorney fees, but with its intent that the full value of the attorney's time be recompensed. *Omdahl, supra* at 558. There is no question that plaintiff has incurred actual attorney fees under the OMA. The majority's holding that an agency relationship is a prerequisite to the existence of "actual attorney fees" under the OMA goes beyond the clear and unambiguous language of the OMA. Therefore, I dissent from the majority opinion in this case and would instead hold that the plain language of the OMA, which makes no reference to an agency relationship as a prerequisite to an award of attorney fees, allows for a pro se litigant who is an attorney to recover "actual" attorney fees under MCL 15.271(4).

Elizabeth A. Weaver

Kelly, J. I concur in the result reached by Justice Weaver.

Marilyn Kelly

Cavanagh, J. I would deny leave to appeal.

Michael F. Cavanagh

12