WEAVER, J.
(dissenting). I respectfully dissent from the majority’s holding that a pro se litigant who is an attorney is barred from recovering “actual attorney fees” under MCL 15.271(4) of the Open Meetings Act (OMA) because there must be separate identities between the attorney and the client, within the confines of an attorney-client agency relationship, before the attorney may recover actual attorney fees. Instead, I would hold that the plain language of the OMA, which makes no reference to an agency relationship as a prerequisite to an award of attorney fees, allows for a pro se litigant who is an attorney to recover “actual” attorney fees under MCL 15.271(4).
I. FACTS AND PROCEDURAL HISTORY
Plaintiff Torger Omdahl, an attorney who represented himself in this litigation, sued defendant West Iron County Board of Education and others for violations of the Open Meetings Act (OMA). The complaint alleged that defendants violated the OMA by engaging in an illegal closed session. After the session, defendants voted to remove plaintiff from representation of the board in a particular lawsuit and to fire plaintiff as the board’s attorney. Plaintiff claimed that this closed session violated the OMA because it was held for the purpose of firing him, not for the stated purpose of discussing a letter from plaintiff regarding the case in which plaintiff was providing representation. Defendants moved for summary disposition pursuant to MCR 2.116(C)(8), failure to state a claim.
The circuit court granted defendants’ motion, ruling that the challenged meeting was legal on its face. *434 However, the court allowed plaintiff 21 days to amend his complaint. Plaintiff then added count III, “false reference to purpose for closed session,” and defendants renewed their motion for summary disposition. Plaintiff filed an amended complaint, adding a count alleging that defendants also violated the OMA by failing to take minutes in the executive sessions in question. In all three of plaintiffs complaints, he requested an award of “actual attorney fees, together with costs and disbursements.” The circuit court dismissed plaintiffs first three counts, retaining only the count relating to the failure to take minutes. Defendants then filed an amended summary disposition motion under MCR 2.116(C)(10).
At a hearing on the C(10) motion, the circuit court stated that defendants should not be required to pay actual attorney fees because there was no attorney in this case since plaintiff was appearing pro se. However, the judge stated that defendants did violate the OMA by failing to keep minutes and ruled that they must keep minutes at any future closed sessions. The judge explained that he would not order any costs because the facts in the original complaint were the subject of depositions, litigation, and motions and were heard and already dismissed for having no basis.
Plaintiff appealed, and in a published opinion the Court of Appeals reversed the denial of fees and costs and remanded with instructions to enter an award of attorney fees and costs. Omdahl v West Iron Co Bd of Ed, 271 Mich App 552, 553; 722 NW2d 691 (2006). Judge Kelly, dissenting in part, would have affirmed the award of costs but would have denied the award of attorney fees because they were not “actually incurred.” Id. at 561 (Kelly, J. concurring in part and dissenting in part). Defendants now seek review of that *435 decision in this Court, and plaintiff has responded. This Court ordered oral argument on whether the application for leave to appeal should be granted. 477 Mich 961 (2006).
II. STANDARD OF REVIEW
For the purposes of this dissent, I agree with the standard of review presented by the majority opinion, ante at 426-427:
The interpretation of a statute presents an issue of law that is reviewed de novo. Lapeer Co Clerk v Lapeer Circuit Judges, 465 Mich 559, 566; 640 NW2d 567 (2002). Our primary purpose when construing a statute is to effectuate legislative intent. In re MCI Telecom Complaint, 460 Mich 396, 411; 596 NW2d 164 (1999). Legislative intent is best determined by the language used in the statute itself. Id. When the language is unambiguous, we give the words their plain meaning and apply the statute as written. Id.
m. ANALYSIS
Contrary to the majority’s conclusion, the plain language and unambiguous meaning of the OMA allow a litigant to recover “actual attorney fees,” regardless of whether the attorney is a pro se litigant. Central to the disposition of this case is the meaning and interpretation of the phrase “actual attorney fees” contained within MCL 15.271(4), the part of the OMA dealing with awards of court costs and attorney fees. MCL 15.271(4) states:
If a public body is not complying with this act, and a person commences a civil action against the public body for injunctive relief to compel compliance or to enjoin further noncompliance with the act and succeeds in obtaining relief in the action, the person shall recover court costs and actual attorney fees for the action. [Emphasis added.]
*436 This Court, in determining the meaning of a statutory term, looks to the common and ordinary meaning of the term. Veenstra v Washtenaw Country Club, 466 Mich 155, 160; 645 NW2d 643 (2002). The term “actual attorney fees” requires the word “actual” to be interpreted. The simple definition of the word “actual” is “existing in fact; real.” Black’s Law Dictionary (8th ed). Merriam-Webster Online defines “actual” as “existing in act and not merely potentially”; “existing in fact or reality”; “not false or apparent <actual costs>”; “existing or occurring at the time.” < http ://www.m-w. com/dictionary/actual > (accessed June 12, 2007).
Actual attorney fees are costs that are real, not merely speculative. The word “actual” should not be construed so far as to require an exchange of a fee from one entity to another, but rather to require that the attorney fees are calculable or recorded and, more importantly, can be relied on. The attorney fees must be more than speculative, they must be existing in fact.
In the present case, plaintiff was entitled to an award of both costs and attorney fees under MCL 15.271(4) because defendants had violated the OMA, and plaintiff was a person who had commenced the action to enforce the OMA and had prevailed. Plaintiff requested attorney fees in all three of his complaints. Plaintiff sought attorney fees from the outset of his claim, not as an afterthought. He reasonably relied on the terms in the statute when requesting relief. The attorney fees sought are not speculative, but exist in fact as legal services rendered. Plaintiff is not setting up shop to recover attorney fees, but is seeking to vindicate his rights under the plain language of the OMA, which contains a mandatory fee scheme created by the statutory use of the term “actual attorney fees.”
*437 The majority argues that the plain language and unambiguous interpretation of MCL 15.271(4) requires an agency relationship between an attorney and a client in order to recover actual attorney fees. In support of this theory, the majority cites various definitions of “attorney” and “fee,” surmising that an attorney-client relationship is essential to the existence of “actual attorney fees.” However, none of the definitions that the majority cites supports an interpretation that an agency relationship is necessary to the existence of actual attorney fees that are recoverable under the OMA.[1] The majority states:
“Attorney” is defined as a “lawyer” or an “attorney-at-law.” Random House Webster’s College Dictionary (2001). The definition of “lawyer” is “a person whose profession is to represent clients in a court of law or to advise or act for them in other legal matters.” Id. (citation omitted). And the definition of “attorney-at-law” is “an officer of the court authorized to appear before it as a representative of a party to a legal controversy.” Id. (citation omitted). Clearly, the word “attorney” connotes an agency relationship between two people. [Ante at 428.]
While it is true that an attorney most commonly represents others, there is nothing in the definitions cited by the majority that prevents an attorney from *438 representing himself.[2] While the definitions of “attorney” may imply a possible agency relationship, the definitions do not explicitly require one. As a result, a plain and unambiguous interpretation of the OMA does not include a mandatory agency relationship as a prerequisite to recovering attorney fees. Under the statutory scheme, all that is required is that there exist “actual attorney fees.” Plaintiff has shown that he has “actual” attorney fees as opposed to speculative fees, and should be allowed to recover those fees under the plain and tmambiguous language of the OMA.
*439 The majority cites Laracey v Financial Institutions Bureau, 163 Mich App 437, 441; 414 NW2d 909 (1987), to assert that an agency relationship is necessary for recovering attorney fees under the OMA. The majority’s reliance on Laracey is misplaced. In Laracey the Court of Appeals considered whether an attorney acting pro se could collect attorney fees under MCL 15.240(4) of the Michigan Freedom of Information Act (FOIA). Use of the word “actual,” as opposed to “reasonable,” is significant in the context of attorney fees recoverable under the OMA versus FOIA. Under MCL 15.240 of FOIA, the tersm “reasonable attorneys’ fees” is utilized. MCL 15.240(6) states:
If a person asserting the right to inspect, copy, or receive a copy of all or a portion of a public record prevails in an action commenced under this section, the court shall award reasonable attorneys’ fees, costs, and disbursements. If the person or public body prevails in part, the court may, in its discretion, award all or an appropriate portion of reasonable attorneys’ fees, costs, and disbursements.
The term “actual attorney fees” in MCL 15.271(4) of the OMA creates a mandatory fee scheme under the OMA, while the term “reasonable attorneys’ fees” in MCL 15.240 of FOIA creates a discretionary fee scheme under FOIA.[3] Despite the fact that the OMA and FOIA are often read in harmony to further the purpose of both acts, the statutory fee schemes are different and should be interpreted distinctly.
In interpreting the term “actual” under the OMA, the Court of Appeals reasoned:
As used in the statute, the term “actual” is in contrast to the term “reasonable” (the term used under FOIA). It reflects, we believe, not the Legislature’s concern with *440 whether a bill has been generated, but with its intent that the full value of the attorney’s time be recompensed and not abridged by what a trial judge might deem reasonable. That is, while a plaintiff in a FOIA case may not get his or her full attorney fee reimbursed by the defendant because the attorney charged a fee subject to downward adjustment by a judge, the plain meaning of the OMA provision is that the full attorney fee incurred is to be paid subject only to a demonstration of time spent and customary billing practice. [Omdahl, supra at 558-559.]
The Court of Appeals interpretation of “actual attorney fees” relies on the plain and unambiguous meaning of the statutory language of MCL 15.271(4) to conclude that attorney fees are actual if they are not speculative.
On the other hand, the majority’s reliance on Laracey depends on everything except the plain language of the OMA to assert that the existence of an agency relationship is necessary to recover attorney fees. First, because of the difference in the fee schemes outlined in the OMA versus FOIA, any analogy between the interpretations of one scheme and the other is misplaced. The majority cannot use Laracey and its progeny to interpret the OMA because the fee schemes are fundamentally different. The OMA fee scheme should only be interpreted on the basis of the plain language found in the OMA.
Second, although the majority claims otherwise, its entire analysis that an agency relationship is required in order to recover actual attorney fees is based on a public policy analysis, instead of on a plain interpretation of the unambiguous statutory language of the OMA. The rationale for denying pro se lawyer litigants from recovering attorney fees under FOIA is inconsistent and should not be applied to the OMA. In Laracey, the Court determined that the award of attorney fees was intended to relieve a plaintiffs legitimate claim to *441 legal costs. Laracey, supra at 444. The Laracey Court reasoned that this would afford lawyer litigants a windfall for all the costs that were incurred. Id. at 445. Further, the Court reiterated the trial court’s determination that a lawyer litigant’s opportunity cost has no greater significance than the lost opportunity costs of laymen who proceed pro se. Id. at 441. This argument falls short in the present case and should have no applicability because it is an analysis that is based on public policy.
By insisting that an agency relationship exist for attorney fees to be paid under the OMA, the majority cites a multitude of considerations: the OMA fee provision was intended to relieve plaintiffs of the burden of legal costs, not to provide pro se plaintiffs a windfall for fees never incurred; the provision was intended to encourage prospective plaintiffs to seek the advice of detached and objective legal professionals; and the provision was not intended to create a cottage industry for clientless attorneys. All these considerations are public policy considerations that can be found nowhere within the text of MCL 15.271(4). While some of these considerations may be valid, they are issues that need to be flushed out, discussed, and legislated by the appropriate branch of government: the Legislature, not the Court. Nowhere in the plain language of the OMA is there a requirement that an agency relationship exist in order to recover attorney fees.
MCL 15.271(4) expressly provides the criteria that must be met in order to recover court costs and attorney fees in an OMA suit: (1) a public body is not complying with the OMA, (2) a person commences a civil action against the public body for injunctive relief to compel compliance or enjoin further noncompliance, and (3) that person succeeds in obtaining relief in the action. In *442 this case, the board violated the OMA by failing to take and keep minutes. Plaintiff commenced a suit against the board. Plaintiff was successful in obtaining relief when the circuit court held that the board was acting in violation of the OMA and ordered the board to comply with the OMA in the future. Clearly, each requirement of the statute is met.
The Court of Appeals has previously held that costs and fees are mandatory under the OMA when the plaintiff obtains relief in an action brought under the act. Kitchen v Ferndale City Council, 253 Mich App 115; 654 NW2d 918 (2002). Although the statute uses the words “actual attorney fees,” it contains no restriction indicating that certain plaintiffs do not have “actual,” but have speculative, fees. Presumably, plaintiff has kept records of the fees he incurred in pursuing this litigation. Also, as previously stated, he has requested these fees from the commencement of this lawsuit. There is no statutory provision or caselaw dictating that plaintiff should be denied attorney fees simply because by profession he is an attorney and was able to represent himself.
IV CONCLUSION
The Court of Appeals in this case was correct when it stated that the term “actual attorney fees” was not to be read narrowly, was meant to be read in contrast to the term “reasonable,” and reflected the Legislature’s concern not with whether a bill was generated for attorney fees, but with its intent that the full value of the attorney’s time be recompensed. Omdahl, supra at 558. There is no question that plaintiff has incurred actual attorney fees under the OMA. The majority’s holding that an agency relationship is a prerequisite to the existence of “actual attorney fees” under the OMA *443 goes beyond the clear and unambiguous language of the OMA. Therefore, I dissent from the majority opinion in this case and would instead hold that the plain language of the OMA, which makes no reference to an agency relationship as a prerequisite to an award of attorney fees, allows for a pro se litigant who is an attorney to recover “actual” attorney fees under MCL 15.271(4).
KELLY, J. I concur in the result reached by Justice Weaver.
CAVANAGH, J. I would deny leave to appeal.

 Although the definition of the term “actual” in People v Yamat, 475 Mich 49, 54 n 15; 714 NW2d 335 (2006), which the majority uses, is accurate, it is not taken in the context of the case at hand. In Yamat, a felonious driving case, “actual” is used in the pertinent Michigan Vehicle Code provision defining “operate” as “being in actual physical control. ...” Id. at 56. In Yamat the term “actual” was contrasted to the term “exclusive.” Id. at 56-57. In this case, the term “actual” is in reference to attorney fees and contrasted to the term “reasonable.” Although the simple definition is the same, the implicit meaning of the word in context allows the word “actual” to be read to mean “not merely speculative.” In a mandatory fee scheme, because discretion is not permitted when determining recovery, the fee must be verifiable.

 The majority reasons that an attorney representing himself or herself does not have a client, thus precluding the existence of an agency relationship. This reasoning creates an inconsistent hypothetical situation with no client and no lawyer. However, an attorney is not precluded from applying his or her specialized skills in a case where the attorney himself or herself is the client. The old adage “an attorney who represents himself has a fool for a client,” illustrates that an individual is not precluded — but discouraged — from playing both roles. Attorney fee awards do encourage those who otherwise would not be able to afford counsel to bring claims, knowing they will recover fees and costs. However, encouraging the retention of counsel does not necessarily preclude self-representation by a qualified attorney who has the requisite specialized skills to adequately represent himself or herself.
Moreover, the caselaw cited by the majority to not award attorney fees to attorneys who are pro se litigants applies only to statute-specific holdings and does not apply to the award of “actual attorney fees” as mandated by the OMA. See Laracey v Financial Institutions Bureau, 163 Mich App 437, 441; 414 NW2d 909 (1987) (nonbinding Michigan Court of Appeals case analyzing the award of attorney fees with regard to state Freedom Of Information Act claims); Falcone v Internal Revenue Service, 714 F2d 646, 647-648 (CA 6, 1983) (federal Sixth Circuit Court of Appeals case analyzing attorney fee awards with respect to the federal FOIA); Watkins v Manchester, 220 Mich App 337, 341-344; 559 NW2d 81 (1996) (Michigan Court of Appeals case analyzing the award of discretionary “reasonable” attorney fees with respect to MCR 2.403[O]); Kay v Ehrler, 499 US 432, 435, 438; 111 S Ct 1435; 113 L Ed 2d 486 (1991) (United States Supreme Court case holding that an attorney proceeding in propria persona may not recover discretionary “reasonable” attorney fees under 42 USC 1988). The present case is the only Michigan case that contemplates an award of “actual attorney fees” under the OMA.

 See also Manning v City of East Tawas, 234 Mich App 244, 253; 593 NW2d 649 (1999).