NATION v W D E ELECTRIC OMPANY

Docket No. 169319. Submitted May 10, 1995, at Detroit. Decided October 6, 1995, at 9:10 A.M.

Michael Nation brought an action in the Genesee Circuit Court against W.D.E. Electric Company, C.J. Link Lumber Company, and Ecolo-Tech, Inc., seeking damages for personal injury sustained in a fall from a ladder while working as an independent contractor engaged by W.D.E. Electric to perform electrical work at a C.J. Link Lumber plant, including the wiring of an Ecolo-Tech dust collection system located above the plant's ceiling. A jury, finding the plaintiff to be sixty-five percent at fault, returned a verdict against W.D.E. Electric and found no cause of action against C.J. Link Lumber and Ecolo-Tech. The plaintiff appealed.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion in denying the plaintiff's motion for a new trial. References in Ecolo-Tech's opening statement to beer cans at the job site were not calculated to instill prejudice in the jury, and the jury was instructed not to consider opening statements as evidence. The trial court properly admitted evidence about the beer cans as relevant circumstantial evidence to be weighed by the jury against refutative evidence offered by the plaintiff. References in Ecolo-Tech's closing argument to the beer cans were proper, as was the trial court's decision to read SJI2d 13.02 to the jury regarding the claim that the plaintiff had been drinking beer before his fall. The plaintiff's claims regarding photographic evidence of the beer cans are rejected inasmuch as that evidence was stricken and the jury was instructed not to consider the photographs. Admission of evidence of the plaintiff's consumption of alcohol on dates before the accident was harmless in light of evidence that plaintiff may have consumed alcohol on the date of the accident.

2. The jury's verdict was not against the great weight of the evidence. There was adequate evidence to support the finding

REFERENCES

Am Jur 2d, Damages § 678.

See ALR Index under Future and Prospective Damages.

that the plaintiff was negligent and the finding of no cause of action against C.J. Link Lumber and Ecolo-Tech.

3. The trial court did not abuse its discretion in denying the plaintiff's motion for a new trial based on the lack of an award of damages for future loss of earning capacity. There was testimony that the plaintiff's earnings had risen since his injury.

4. The trial court did not err in reducing the jury's award of future noneconomic damages to present value by using a compound discount rate of five percent. When a trial court reduces future economic and noneconomic damages to gross present cash value under MCL 600.6306; MSA 27A.6306, a compound rate, rather than a simple rate, must be used.

Affirmed.

DAMAGES — FUTURE DAMAGES — PRESENT VALUE — COMPOUND DISCOUNT RATE.

A compound discount rate, rather than a simple discount rate, is used in reducing future economic and noneconomic damages to present value as required by MCL 600.6306(2); MSA 27A.6306(2).

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Robert H. Darling*), for Michael Nation.

*Gault, Davison, Bowers, Hill, Parker & McAra* (by *Edward B. Davison*), for W.D.E. Electric Company.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Alan R. Sullivan*), for C.J. Link Lumber Company.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Michael L. Updike*), for Ecolo-Tech, Inc.

Before: MARKEY, P.J., and MACKENZIE and C. H. STARK,* JJ.

MACKENZIE, J. Plaintiff appeals as of right from a jury award of $22,559.20 against defendant W.D.E. Electric Company, along with its verdict of

* Circuit judge, sitting on the Court of Appeals by assignment.

no cause of action in favor of defendants C.J. Link Lumber Company and Ecolo-Tech, Inc. We affirm.

Plaintiff is an electrician who was engaged as an independent contractor by W.D.E. Electric to assist in performing the electrical work at a plant being built for Link Lumber. At approximately 9:30 P.M. on April 20, 1992, plaintiff and Dan Leonard were about to wire the area above the plant's ceiling as part of the installation of an Ecolo-Tech dust collection system. Plaintiff injured his right arm when he fell from an extension ladder while attempting to enter a ceiling access hole that was partially blocked by the collection system's ductwork. The ladder, which belonged to W.D.E., lacked safety feet and had to rest against the obstructing ductwork in order for plaintiff to reach the ceiling access hole. The jury found plaintiff sixty-five percent at fault for his injury.

Plaintiff unsuccessfully moved for a new trial in part on the ground that the proceedings were tainted by repeated and unproven inferences that plaintiff had consumed beer at the job site on the evening he was injured. We find no abuse of discretion in the court's decision to deny the motion on this ground. *Poirer v Grand Blanc Twp (After Remand),* 192 Mich App 539, 547; 481 NW2d 762 (1992). There is nothing in the record suggesting that Ecolo-Tech's reference to beer cans in its opening statement was calculated to instill prejudice in the jury, and the jury was instructed that opening statements are not evidence. *Guider v Smith,* 157 Mich App 92, 102-103; 403 NW2d 505 (1987), aff'd 431 Mich 559; 431 NW2d 810 (1988). Further, the trial court properly admitted evidence that, although no beer cans were observed on April 20 between 3:00 P.M. and 5:00 P.M. when other workers left the job site, beer cans were found near the electrical panel the morning after

plaintiff's fall. See *Rodriguez v Solar of Michigan, Inc,* 191 Mich App 483; 478 NW2d 914 (1991). This circumstantial evidence was relevant, and it was for the jury to weigh the testimony against that of plaintiff and Leonard refuting it. See *Johnson v Corbet,* 423 Mich 304, 314; 377 NW2d 713 (1985). Further, because the evidence was properly admitted, Ecolo-Tech's closing argument concerning the presence of the beer cans near the electrical panel was proper, see *Wilson v General Motors Corp,* 183 Mich App 21, 27; 454 NW2d 405 (1990), as was the trial court's decision to instruct the jury pursuant to SJI2d 13.02 regarding the claim that plaintiff had been drinking beer before his fall. *Johnson, supra.* We also reject plaintiff's arguments related to photographic evidence of beer cans in the building's ceiling area. This evidence was stricken and the jury was instructed to ignore the stricken evidence. It cannot be said that the trial court abused its discretion in ruling that the substantial rights of plaintiff were not materially affected by an irregularity that denied him a fair trial. *Poirer, supra,* p 547. Finally, evidence of alcohol consumption at times before the date of the accident was harmless in light of the evidence that plaintiff and Leonard may have consumed alcohol at the building site on the day of the accident. Plaintiff was not denied a fair trial.

Nor did the trial court err in ruling that the jury's verdict was not against the great weight of the evidence. MCR 2.611(A)(1)(e). There was adequate evidence that plaintiff's own negligence contributed to his injuries. Plaintiff knew that the floor was smooth, that the ladder did not have safety feet, and that Leonard was unavailable to hold the ladder for him. He also knew that the ladder was resting against the ductwork rather than the frame of the access hole. Additionally,

plaintiff was aware that there were three other, unobstructed access holes that he could have used to reach the ceiling area. The jury's verdict was consistent with this evidence. The evidence also justified a finding of no cause of action against Link Lumber and Ecolo-Tech. Although, as plaintiff argues, these defendants were responsible for installing the ductwork that partially obstructed the ceiling access hole plaintiff was attempting to enter when he fell, the evidence established that the access hole had been used by others on several occasions without difficultly despite the presence of the ductwork. There was also evidence that the placement of the ductwork did not violate the building code. Finally, there was evidence that plaintiff was not constrained to use the obstructed access hole; three other holes were readily available for plaintiff's use. In light of this evidence, the jury's verdict was not against the great weight of the evidence and the trial court did not abuse its discretion in denying plaintiff's motion for a new trial.

Next, plaintiff contends that the trial court erred in denying his motion for a new trial based on the jury's failure to award damages for future loss of earning capacity. Again, we find no abuse of discretion. *Lester N Turner, PC v Hyde,* 182 Mich App 396, 398; 451 NW2d 644 (1990). The verdict was consistent with testimony that plaintiff's actual earnings had risen since his injury, and with further testimony that plaintiff received about twenty percent of a job's contract price both before and after the accident.

Finally, plaintiff contends that the trial court erred in reducing the jury's award of future noneconomic damages to present value by using a compound discount rate of five percent rather than a simple discount rate. We conclude that the

court's use of a compound rate of reduction was proper.

In assessing damages for future economic and noneconomic losses, an award must be reduced to its present cash value. *May v William Beaumont Hosp,* 180 Mich App 728, 754; 448 NW2d 497 (1989). Before the Tort Reform Act, 1986 PA 178, a simple discount rate was employed, "for convenience and convenience only. . . ." *Rivers v Bay City Traction & Electric Co,* 164 Mich 696, 709; 128 NW 254 (1910). See also SJI2d 53.03 (rescinded for use in personal injury actions filed on or after October 1, 1986).

MCL 600.6306; MSA 27A.6306 now provides in pertinent part:

> (1) After a verdict rendered by a trier of fact in favor of a plaintiff, an order of judgment shall be entered by the court. The order of judgment shall be entered . . . in the following judgment amounts:
>
> \*   \*   \*
>
> (e) All future noneconomic damages reduced to gross present cash value.
>
> \*   \*   \*
>
> (2) As used is this section, "gross present cash value" means the total amount of future damages reduced to present value at a rate of 5% per year for each year in which those damages accrue. . . .

Plaintiff argues that absent language specifically providing for a compound discount rate, MCL 600.6306(2); MSA 27A.6306(2) should be construed as requiring a simple discount rate. A similar argument was rejected in *Kirchgessner v United States,* 958 F2d 158, 162-163 (CA 6, 1992):

> Plaintiff maintains that a simple interest rate should be used [in discounting future damages to

present value under MCL 600.6306; MSA 27A.6306]. We disagree. The statute calls for the future damages to be reduced for each year, using the five percent rate. Were we to adopt a simple interest rate methodology, the later years would be discounted to present cash value at substantially less than five percent. We see no basis for utilizing a simple interest rate in determining "gross present cash value," and find no error in the compound method.

Although the Standard Jury Instruction utilized in wrongful death cases filed before October 1, 1986 called for a jury calculation using a five per cent simple interest rate, Mich.Comp.Laws Ann. § 600.6303(2) now specifically requires the trial court rather than the jury, to reduce awards to present value. The traditional considerations in favor of using a simple interest rate, therefore, namely the difficulty and potential for juror confusion, have been statutorily removed. We consider it well within the province and competence of the trial court to reduce awards to present value using a five per cent per year compound rate methodology.

We agree with the *Kirchgessner* court and hold that, when a trial court reduces future economic and noneconomic damages to "gross present cash value" under MCL 600.6306; MSA 27A.6306, a compound reduction rate, rather than a simple reduction rate, must be used. Because the trial court in this case correctly discounted the jury's award of future damages, no recalculation of plaintiff's damages is required.

Affirmed.