WATKINS v MANCHESTER

Docket No. 177373. Submitted April 2, 1996, at Detroit. Decided December 3, 1996, at 9:10 A.M.

Patricia Watkins brought an action in the Washtenaw Circuit Court against Thomas Manchester, alleging and seeking damages for breach of contract relating to the defendant's service as the plaintiff's attorney in divorce proceedings. The court, Timothy P. Connors, J., directed a partial verdict and award of damages for the plaintiff with respect to one claim, and the jury returned a verdict of no cause of action with respect to another claim. The court also awarded as mediation sanctions against the plaintiff the defendant's attorney fees, of which a portion was for the defendant himself and the rest was for an attorney the defendant had hired to represent him for part of the proceedings in this case. The plaintiff appealed.

The Court of Appeals *held*:

1. None of the claims that defense counsel engaged in misconduct at trial merit relief on appeal. Defense counsel's references to the plaintiff's affluent lifestyle and access to money were proper inasmuch as the plaintiff's ability to pay the defendant's fees was a material issue. Defense counsel's reference to the plaintiff's failure to call an expert witness to testify was not error where the plaintiff's motion to add an expert to her list of witnesses was ruled untimely by the trial court. Defense counsel's introduction into evidence of several boxes of the defendant's work product in the plaintiff's divorce case was not error in view of the plaintiff's claim that the defendant had "padded" his billings. Appellate review of the plaintiff's claim that defense counsel attempted to portray her as a litigious person by suggesting that she might sue another of her former attorneys is precluded in view of the plaintiff's failure to object to the comment and because a curative instruction would not have been futile.

2. The jury's verdict of no cause of action was not against the great weight of the evidence presented, and the trial court did not abuse its discretion in denying the plaintiff's motion for a new trial.

3. The trial court erred in awarding attorney fees as a mediation sanction for that portion of the award that reflected the time the

defendant and his staff spent working on this case. The purpose of the mediation sanction rule, MCR 2.403(O), is to encourage settlement by placing the burden of litigation costs upon the party who insists upon trial by rejecting a proposed mediation award. This purpose is best served when a party hires an objective attorney—rather than serving as both litigant and advocate—to provide a filtering of meritless claims. Moreover, to allow attorney-litigants to recover compensation for time spent in their own behalf, while not extending such a rule to nonattorneys, would most likely contribute to the widespread public perception that the courts exist primarily for the benefit of the legal profession.

Jury verdict affirmed; award of attorney fees vacated in part.

PRETRIAL PROCEDURE — MEDIATION — SANCTIONS — ATTORNEY FEES.

Attorney fees may not be awarded as a mediation sanction to an attorney-litigant to the extent that the fees are compensation for legal services the attorney rendered on the attorney's own behalf (MCR 2.403[O]).

*Faupel & Associates* (by *Marian L. Faupel* and *Sean M. Walsh*), for the plaintiff.

*Bredell and Bredell* (by *John H. Bredell*), for the defendant.

Before: YOUNG, P.J., and HOLBROOK, JR., and J. R. ERNST,* JJ.

PER CURIAM. In this breach of contract action, plaintiff appeals as of right from a judgment entered by the Washtenaw Circuit Court that reflected the court's partial directed verdict in favor of plaintiff in the amount of $371.45 and the jury's verdict of no cause of action on plaintiff's remaining claim. Plaintiff's posttrial motion for judgment notwithstanding the verdict or for a new trial was denied by the trial court. We affirm in part and vacate in part.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

I

On appeal, plaintiff first asserts that she was denied a fair trial because of defense counsel's allegedly prejudicial trial tactics and the trial court's failure to intercede.

> When reviewing an appeal asserting improper conduct of an attorney, the appellate court should first determine whether or not the claimed error was in fact error and, if so, whether it was harmless. If the claimed error was not harmless, the court must then ask if the error was properly preserved by objection and request for instruction or motion for mistrial. If the error is so preserved, then there is a right to appellate review; if not, the court must still make one further inquiry. It must decide whether a new trial should nevertheless be ordered because what occurred may have caused the result or played too large a part and may have denied a party a fair trial. If the court cannot say that the result was not affected, then a new trial may be granted. [*Reetz v Kinsman Marine Transit Co*, 416 Mich 97, 102-103; 330 NW2d 638 (1982).]

In accordance with the *Reetz* standard, we must first determine whether each alleged instance of misconduct was in fact error. First, plaintiff assigns error to defense counsel's reference to plaintiff's affluent lifestyle, including her mink coat, Lincoln Continental, and expensive house in Dexter, as well as counsel's repeated references to plaintiff's access to money through a structured settlement in an unrelated medical malpractice action involving her handicapped child. Because plaintiff's ability to pay defendant's legal fees was a material issue in this matter, we conclude that defense counsel's references were proper. Second, counsel's reference to plaintiff's failure to call an expert witness to testify was not error where plaintiff had moved approximately six weeks

before trial to amend her witness list to include an expert witness but the court denied the motion as untimely. Third, counsel's introduction into evidence of several boxes, whose contents were not revealed to the jury but were alleged to contain defendant's work product from the underlying divorce matter, was not error where the crux of plaintiff's claim was that defendant had "padded" his billings. Moreover, plaintiff's counsel expressly stated on the record that he did not want to examine the contents of the boxes. Finally, we agree with plaintiff that defense counsel's suggestion that she might sue her former attorney—now a sitting circuit judge—who had represented her in the medical malpractice action was an improper attempt to portray plaintiff to the jury as a litigious person. However, because plaintiff did not object to the comment, and a curative instruction would not have been futile, further appellate review is precluded. *Argenta v Shahan*, 135 Mich App 477, 483; 354 NW2d 796 (1984), rev'd on other grounds 424 Mich 83; 378 NW2d 470 (1985). In sum, plaintiff has not established entitlement to appellate relief on grounds of attorney misconduct.

II

Plaintiff next argues that the jury's verdict of no cause of action was against the great weight of the evidence. We disagree. A verdict may be overturned on appeal only when it was manifestly against the clear weight of the evidence, and substantial deference will be given by this Court to a trial court's determination that a verdict is not against the great weight of the evidence. *Wischmeyer v Schanz*, 449 Mich 469; 536 NW2d 760 (1995); *Arrington v Detroit*

*Osteopathic Hosp Corp (On Remand)*, 196 Mich App 544; 493 NW2d 492 (1992). See also MCR 2.611(A) (1)(e).

Here, the evidence showed that plaintiff's divorce action was a lengthy one involving the sale of several parcels of real estate, that defendant secured a very favorable divorce judgment for plaintiff notwithstanding the short duration of the marriage, and that plaintiff did not fire defendant until 2½ years had passed despite questioning defendant's billing practices during this time. Moreover, plaintiff failed to present any expert testimony regarding whether defendant's fee was in excess of a reasonable fee. In light of these facts, the jury's verdict of no cause of action was not against the great weight of the evidence and the trial court did not abuse its discretion in denying plaintiff's motion for a new trial. *Nation v WDE Electric Co*, 213 Mich App 694; 540 NW2d 788 (1995); *Severn v Sperry Corp*, 212 Mich App 406; 538 NW2d 50 (1995).

III

Plaintiff lastly contends that the trial court erred in granting attorney fees as a mediation sanction to defendant for that portion of the fee award that reflected the time he and his staff spent working on the case. We agree with plaintiff and vacate this portion of the trial court's award of attorney fees.

Preliminarily, we note that plaintiff has not included a transcript of the hearing on defendant's motion to tax costs; therefore, this issue would ordinarily be considered abandoned on appeal. *Taylor v Blue Cross & Blue Shield of Michigan*, 205 Mich App 644, 654; 517 NW2d 864 (1994). However, because the issue as phrased presents a question of jurispruden-

tial significance and the facts necessary for its resolution are found in the record, we will review it.

Michigan follows the "American rule," which provides that, unless a statute, rule, or contractual provision specifically provides otherwise, attorney fees are not to be awarded. See *In re Sloan Estate*, 212 Mich App 357; 538 NW2d 47 (1995). In this case, actual costs were taxed against plaintiff because she rejected the mediation evaluation and did not obtain a trial verdict in an amount at least ten percent greater than the evaluation. See MCR 2.403(O). Under the court rule, actual costs includes taxable costs "and a reasonable attorney fee as determined by the trial judge for services necessitated by the rejection of the mediation evaluation." See *Howard v Canteen Corp*, 192 Mich App 427; 481 NW2d 718 (1992).

The case upon which defendant and, apparently, the trial court relied as precedent to allow defendant-attorney to recover the costs of his own time defending against this lawsuit, *Wells v Whinery*, 34 Mich App 626; 192 NW2d 81 (1971), is of questionable authority. The *Wells* Court did not identify any statute or court rule authorizing the award of attorney fees to the plaintiff (who did not prevail at trial), and the court did not engage in any analysis of the issue other than citing with approval a forty-year-old New York case that also was lacking in persuasive reasoning.

More recently, this Court held in *Laracey v Financial Institutions Bureau*, 163 Mich App 437, 445; 414 NW2d 909 (1987), that a pro se plaintiff-attorney could not recover fees pursuant to the attorney fee provision of the Michigan Freedom of Information Act. See MCL 15.234; MSA 4.1801(4). This Court reasoned that the purpose of the FOIA attorney fee provi-

sion was to facilitate the disclosure of full and complete information regarding governmental affairs. *Laracey, supra* at 441-442. Additionally, it reasoned that "[t]here is no need to assess attorney fees as a penalty for nondisclosure [since] . . . [a] penalty may be assessed through the act's punitive damages provision." *Id.* at 444. "Further, awards of attorney fees to pro se litigants simply because they happen to be attorneys would not relieve the burden of their legal costs, but would instead afford them a windfall for costs that were never incurred." *Id.* at 444-445. The Court held that an attorney acting in pro se was not an "attorney" for purposes of the mandatory statutory fee award, concluding that the terms "pro se" and "attorney" were mutually exclusive. *Id.* at 445 and n 10. Thus, even though there was statutory authority for the award of attorney fees, this Court concluded that the plaintiff-attorney was not entitled to them.

The reasoning of the *Laracey* Court was echoed in *Kay v Ehrler*, 499 US 432; 111 S Ct 1435; 113 L Ed 2d 486 (1991), where the United States Supreme Court, in resolving a conflict among the federal circuit courts, unanimously held that a pro se litigant who is also an attorney was not entitled to an award of attorney fees under the federal civil rights statute, 42 USC 1988.[1] While noting that a pro se litigant who is not an attorney is not entitled to attorney fees, the Court reasoned that an attorney who represents himself should be treated like other pro se litigants or like a client who has had the benefit of the advice and advocacy of an independent attorney. The Court held:

---

[1] 42 USC 1988 provided, in pertinent part: "[T]he court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee."

> Even a skilled lawyer who represents himself is at a disadvantage in contested litigation. Ethical considerations may make it inappropriate for him to appear as a witness. He is deprived of the judgment of an independent third party in framing the theory of the case, evaluating alternative methods of presenting the evidence, cross-examining hostile witnesses, formulating legal arguments, and in making sure that reason, rather than emotion, dictates the proper tactical response to unforeseen developments in the courtroom. The adage that "a lawyer who represents himself has a fool for a client" is the product of years of experience by seasoned litigators. [*Id.* at 437-438.]

The *Kay* Court noted that the overriding concern of § 1988 was for victims of civil rights violations to obtain independent counsel to ensure the effective prosecution of meritorious claims. That policy is best served, according to the Supreme Court, by a rule that creates an incentive to retain counsel in every case rather than a disincentive to employ counsel whenever a plaintiff considers himself competent to litigate in his own behalf.

We find the reasoning of the *Laracey* and *Kay* Courts to be persuasive and, therefore, decline to follow *Wells*. The purpose of the mediation sanction rule, MCR 2.403(O), is to encourage settlement by "plac[ing] the burden of litigation costs upon the party who insists upon trial by rejecting a proposed mediation award." *Howard, supra* at 441. See also *Larson v Auto-Owners Ins Co*, 194 Mich App 329, 333; 486 NW2d 128 (1992). This purpose is best served when a party hires an objective attorney—rather than serving as both litigant and advocate—to provide a "filtering of meritless claims." *Kay, supra.* Moreover, we believe that to allow litigant-attorneys to recover compensation for time spent in their own

behalf, while not extending such a rule to nonattorneys would most likely contribute to the widespread public perception that the courts exist primarily for the benefit of the legal profession. Pro se litigants who are not attorneys also may suffer lost income or lost business opportunities as the result of their time spent in litigation.[2]

We acknowledge that two particular factors weigh in favor of defendant's claim in this case. First, because defendant was represented by independent counsel after December 10, 1993, many of the concerns expressed in *Laracey* and *Kay* regarding the value of being represented by an independent third-party attorney are not necessarily applicable in this case. Second, the vast majority of cases addressing this issue involved a pro se attorney as the plaintiff who instigated the lawsuit, whereas in this case defendant was defending against a lawsuit brought by a former client. Thus, the concern of litigation proliferation is unfounded in this case. Nonetheless, we do not find these factors to be sufficient to justify creating an exception to the general rule disallowing such fees. Accordingly, we vacate that portion of the trial court's award of attorney fees that compensated defendant-attorney for the time he or his staff spent defending against this claim.[3]

---

[2] See, e.g., *Tandy Corp v McCrimmon*, 183 Ga App 744; 360 SE2d 70 (1987) (Banke, P.J., concurring in part and dissenting in part).

[3] In his motion for costs and fees, defendant sought compensation for $22,341 in legal fees paid to his retained counsel and $29,193 for "legal fees of Defendant and his staff." The trial court awarded defendant a total of $51,534 in attorney fees.

We affirm the jury's verdict, but vacate $29,193 in attorney fees awarded to defendant as a mediation sanction.