Taylor, C.J.
At issue in this case is whether a pro se litigant, who is also an attorney, may recover “court costs and actual attorney fees,” MCL 15.271(4), after he or she brings a successful action under the Open Meetings Act. We conclude that because an attorney is defined as an agent of another person, there must be separate identities between the attorney and the client before the litigant may recover actual attorney fees. Accordingly, we reverse the judgment of the Court of Appeals that held to the contrary, and remand to the trial court for further proceedings consistent with this opinion.
I. FACTUAL BACKGROUND AND PROCEDURAL POSTURE
Torger Omdahl, an attorney proceeding in propria persona, sued his former client, the West Iron County Board of Education, for violations of the Open Meetings Act (OMA), MCL 15.261 et seq. The trial court granted judgment for Omdahl, ruling that the board violated the OMA by failing to take minutes at two closed *425 sessions. However, the trial court denied Omdahl’s request for attorney fees. Omdahl appealed.
The Court of Appeals, in a divided decision, reversed the denial of attorney fees and costs. Omdahl v West Iron Co Bd of Ed, 271 Mich App 552, 553; 722 NW2d 691 (2006). The majority noted the general rule that a party proceeding in propria persona is not entitled to an award of attorney fees. Id. However, MCL 15.271(4) of the OMA specifically mandates an award of actual attorney fees to a prevailing plaintiff. Omdahl, supra at 554. The Court recognized a split of authority in contexts other than the OMA regarding whether an attorney proceeding in propria persona could collect attorney fees. Id. It found unpersuasive the argument that allowing an attorney plaintiff proceeding in propria persona to collect attorney fees would create a cottage industry that would subsidize attorneys without clients. Id. at 555. The majority then stated:
[A]s Abraham Lincoln is quoted as saying, “a Lawyer’s time and advice are his stock in trade.” We see no reason why plaintiff should be expected to give away his stock in trade merely because he is seeking to redress a wrong on his own behalf, and in which the public always has an interest, instead of on behalf of a third party. Whether representing himself or a client, he is investing the time. It is time he could have invested on behalf of another client who would have paid a fee. [Id. at 556-557.]
The majority declined to read “actual attorney fees” as requiring an actual physical bill or the actual payment of a fee. Id. at 557-558. Rather, it concluded that the actual attorney fees constituted the value of the professional time Omdahl invested in the case. Id. at 559.
*426 Judge KELLY dissented, stating that the statute referred to “actual” attorney fees; “actual” was defined as “ ‘existing in act, fact, or reality; real’ ”; and Omdahl did not demonstrate that the fees he sought existed in act, fact, or reality. Id. at 561, quoting People v Yamat, 475 Mich 49, 54 n 15; 714 NW2d 335 (2006) (internal quotation omitted). She opined that it was inappropriate to rely on cases addressing other statutes or court rules because the statute at issue in the instant case unambiguously requires that the attorney fees actually be incurred. Omdahl, supra at 562 (KELLY, J., dissenting). With respect to the quotation from Abraham Lincoln, Judge KELLY stated: “And although Abraham Lincoln recognized the value of a lawyer’s ‘time and advice,’ the OMA does not provide for a recovery of this time or effort.”
Defendant board of education sought leave to appeal in this Court, arguing that (1) the plain language of MCL 15.271(4) requires “actual attorney fees,” (2) an attorney representing himself or herself could not claim actual attorney fees because he or she was not obligated to reimburse himself or herself for services, (3) the Court of Appeals impermissibly engaged in judicial legislation by not applying the statute as clearly written, and (4) if the Court of Appeals published opinion was allowed to stand it would wreak havoc not only in this case but on future litigation involving statutory construction. This Court ordered oral argument on whether the application for leave to appeal should be granted. 477 Mich 961 (2006).
II. STANDARD OF REVIEW
The interpretation of a statute presents an issue of law that is reviewed de novo. Lapeer Co Clerk v Lapeer Circuit Judges, 465 Mich 559, 566; 640 NW2d 567 *427 (2002). Our primary purpose when construing a statute is to effectuate legislative intent. In re MCI Telecom Complaint, 460 Mich 396, 411; 596 NW2d 164 (1999). Legislative intent is best determined by the language used in the statute itself. Id. When the language is unambiguous, we give the words their plain meaning and apply the statute as written. Id.
III. ANALYSIS
The OMA was enacted by the Legislature in 1968 to consolidate the hodgepodge of statutes requiring governmental accountability and disclosure. Booth v Univ of Michigan Bd of Regents, 444 Mich 211, 221; 507 NW2d 422 (1993); 1968 PA 261. The Booth Court explained that legislators perceived that, by promoting openness of governmental deliberations, the act would cause responsible decision making and minimize abuse of power. Booth, supra at 223. Because the act initially failed to provide for an enforcement mechanism or penalties for noncompliance, the act was repealed and reenacted by 1976 PA 267 to remedy the oversight and “promote a new era in governmental accountability.” Booth, supra at 222. One of these newly enacted enforcement provisions was MCL 15.271(4), which provided that a successful party could recover court costs and actual attorney fees. It is this provision under which Omdahl claims he is entitled to attorney fees even though he was a pro se litigant in the OMA action.
In determining whether a party is entitled to statutory attorney fees, the first thing to consider is the statutory language itself. The relevant provision of the OMA, MCL 15.271(4), states:
If a public body is not complying with this act, and a person commences a civil action against the public body for injunctive relief to compel compliance or to enjoin further *428 noncompliance with the act and succeeds in obtaining relief in the action, the person shall recover court costs and actual attorney fees for the action.
Because Omdahl prevailed in his action against the board of education under the OMA, the only question was whether there were “actual attorney fees” for Omdahl to recover.
The meaning of these three words is central to the resolution of this case. The word “actual” means “ ‘existing in act, fact, or reality; real.’ ” Yamat, supra at 54 n 15, quoting Random House Webster’s College Dictionary (1997). “Attorney” is defined as a “lawyer” or an “attomey-at-law.” Random House Webster’s College Dictionary (2001). The definition of “lawyer” is “a person whose profession is to represent clients in a court of law or to advise or act for them in other legal matters.” Id. (emphasis added). And the definition of “attorney-at-law” is “an officer of the court authorized to appear before it as a representative of a party to a legal controversy.” Id. (emphasis added). Clearly, the word “attorney” connotes an agency relationship between two people.[1] “Fee” is relevantly defined as “a sum charged or paid, as for professional services or for a privilege.” Id.
The courts of this state as well as the federal courts have, in deciding cases of this sort, focused on the concept that an attorney who represents himself or *429 herself is not entitled to recover attorney fees because of the absence of an agency relationship.[2]
In Laracey v Financial Institutions Bureau, 163 Mich App 437, 441; 414 NW2d 909 (1987), the Court of Appeals considered whether an attorney acting in propria persona could collect attorney fees under MCL 15.240(4) of the Michigan Freedom of Information Act (FOIA). That act provided that the fees, to be award-able, had to be “reasonable attorney fees.”[3]
*430 The Court stated that an attorney proceeding in propria persona actually had no attorney for the purpose of the attorney fee provision and thus no fees were recoverable. Laracey, supra at 445. In doing so, it relied on the reasoning from the Eleventh Circuit in Duncan v Poythress, 111 F2d 1508, 1518 (CA 11, 1985) (Roney, J., dissenting):
For there to be an attorney in litigation there must be two people. Plaintiff here appeared pro se. The term “pro se” is defined as an individual acting “in his own behalf, in person.” By definition, the person appearing “in person” has no attorney, no agent appearing for him before the court. The fact that such plaintiff is admitted to practice law and available to be an attorney for others, does not mean that the plaintiff has an attorney, any more than any other principal who is qualified to be an agent, has an agent when he deals for himself. In other words, when applied to one person in one proceeding, the terms “pro se” and “attorney” are mutually exclusive. [Laracey, supra at 445 n 10, quoting Duncan, supra (Roney, J., dissenting).]
The Court of Appeals thus determined that a plaintiff attorney proceeding in propria persona is not entitled to attorney fees under FOIA.[4] **4
*431 Building on Laracey, the Court of Appeals in Watkins v Manchester, 220 Mich App 337, 341-344; 559 NW2d 81 (1996), in construing the attorney fee provisions in the case evaluation rules that gave “reasonable” attorney fees, held that a defendant attorney who represents himself or herself is not entitled to an award of attorney fees under MCR 2.403(O). While the statutory and court rule language interpreted in Laracey and Watkins differed somewhat from the language in the present statute in that the attorney fees were to be “reasonable” as opposed to “actual,” the courts in both cases focused on the availability of any attorney fees when the agency relationship was missing, which is also the situation here.
In Falcone v Internal Revenue Service, 714 F2d 646 (CA 6, 1983), the Sixth Circuit similarly held that a pro se attorney may not recover attorney fees under 5 USC 552(a)(4)(E) of the federal Freedom of Information Act where attorney fees to be allowable had to be reasonable. In so concluding, the court stated, “The fortuitous fact that such a FOIA plaintiff is also an attorney makes no difference. Both a client and an attorney are necessary ingredients for an award of fees in a FOIA case.” Falcone, supra at 648.
Similarly, the United States Supreme Court in Kay v Ehrler, 499 US 432, 435, 438; 111 S Ct 1435; 113 L Ed 2d 486 (1991), affirmed the Sixth Circuit in holding that a successful in propria persona attorney may not recover attorney fees under 42 USC 1988, where the fees were allowed if reasonable. It noted that the use of the word “attorney” assumed an agency relationship and found it likely that Congress intended to predicate an award under § 1988 on the existence of an attorney-client relationship. Kay, supra at 435-436. After noting that the circuit court interpreted the statute as assum *432 ing there was a “ ‘paying relationship between an attorney and a client,’ ” the Court agreed “that the overriding statutory concern is the interest in obtaining independent counsel for victims of civil rights violations.” Id. at 435, 437.
In the instant case, the Court of Appeals reliance on the case that predated Laracey and Watkins, Wells v Whinery, 34 Mich App 626; 192 NW2d 81 (1971), was misplaced. While the issue in Wells was whether an attorney plaintiff who represented himself could recover attorney fees under MCL 600.2522, that Court neglected to directly consider whether an agency relationship existed, Wells, supra at 630, and is unpersuasive, as Watkins concluded, Watkins, supra at 342.
Thus, with these definitions and the caselaw we have discussed in mind, it being clear that there was no agency relationship between two different people, there was no lawyer-client relationship as understood in the law. Therefore, there were no “actual attorney fees” for Omdahl to recover under MCL 15.271(4).
IV CONCLUSION
In sum, by its plain terms, the phrase “actual attorney fees” requires an agency relationship between an attorney and the client whom he or she represents. Therefore, there must be separate identities between the attorney and the client, and a person who represents himself or herself cannot recover actual attorney fees even if the pro se individual is a licensed attorney. Accordingly, we reverse the judgment of the Court of Appeals and remand this case to the trial court for proceedings consistent with this opinion.
Reversed and remanded to the trial court.
*433 Corrigan, Young, and Markman, JJ., concurred with Taylor, C.J.

 We have applied the plain and unambiguous meaning of the term “attorney” by discerning the reasonable meaning of the term through relevant dictionary definitions. The dissent claims that the definitions of “attorney” do not explicitly require an agency relationship; however, the most reasonable interpretation of the term does require such a relationship, and the dissent does not cite a single instance in which “attorney” is defined in any context other than an agency relationship. The dissent compounds its erroneous analysis by ignoring the fact that the word “fees,” as used in the statute, is modified not only by the word “actual,” but also by the word “attorney.”

 We note in passing that these courts also relied on several public policy grounds in reaching their conclusions. In Falcone v Internal Revenue Service, 714 F2d 646, 647-648 (CA 6, 1983), the Sixth Circuit Court of Appeals reasoned that the attorney fee provision was intended to reheve plaintiffs of the burden of legal costs, not to provide pro se plaintiffs a windfall for fees never incurred; the provision was intended to encourage prospective plaintiffs to seek the advice of detached and objective legal professionals; and the provision was not intended to create a cottage industry for clientless attorneys. The Court of Appeals in Laracey v Financial Institutions Bureau, 163 Mich App 437, 444-446; 414 NW2d 909 (1987), relied on the first and third grounds stated in Falcone, supra. In Kay v Ehrler, 499 US 432, 437-438; 111 S Ct 1435; 113 L Ed 2d 486 (1991), the United States Supreme Court also noted that the purpose of the provision was to encourage prospective plaintiffs to seek the advice of detached and objective counsel. And the Court of Appeals in Watkins v Manchester, 220 Mich App 337, 343-345; 559 NW2d 81 (1996), in addition to relying on Laracey, supra, and Kay, supra, noted that pro se attorneys should not be able to recover for time that could have been spent representing other clients when pro se plaintiffs who were not attorneys also could suffer lost income or business opportunities as a result of time spent in litigation. While this public policy reasoning may be of interest, we decline to rely on it here because the statutory language can be applied plainly without resort to public policy analysis; thus, the dissent’s claim that we have relied on public policy to reach our decision in the instant case is unfounded.

 MCL 15.240(4) provided:
If a person asserting the right to inspect or to receive a copy of a public record or a portion thereof prevails in an action commenced pursuant to this section, the court shall award reasonable attorneys’ fees, costs, and disbursements. If the person prevails in part, the court may in its discretion award reasonable attorneys’ *430 fees, costs, and disbursements or an appropriate portion thereof. The award shall be assessed against the public body hable for damages under subsection (5). [Emphasis added.]

 While the dissent criticizes the majority for relying on cases interpreting the statutory language “reasonable attorney fees,” and claims that the difference between actual attorney fees and reasonable attorney fees is significant, we note that our focus in this case is on “attorney” not “actual.” In this respect, the dissent’s attempt to distinguish Laracey fails. Laracey is relevant because both Laracey and the instant case involve attempts by an attorney appearing in propria persona to recover attorney fees. We find Laracey persuasive for the relevant portion of its holding, which states that “both a client and an attorney are necessary ingredients for an attorney fee award.” Laracey, supra at 446. Contrary to Justice Weaver’s assertion, the term “reasonable,” as used in the statute in Laracey, does not affect this analysis.