**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 09a0167n.06**
**Filed: February 27, 2009**

**Nos. 07-1885, 07-1946**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **MICHAEL E. TINDALL,** | ) | |
| | ) | **ON APPEAL FROM THE** |
| Plaintiff-Appellant/Cross-Appellee, | ) | **UNITED STATES DISTRICT** |
| | ) | **COURT FOR THE EASTERN** |
| v. | ) | **DISTRICT OF MICHIGAN** |
| | ) | |
| **ONE 1973 FORD MUSTANG (VIN 3F03F139034);** | ) | **M E M O R A N D U M** |
| **DAN CUNNINGHAM; GARY GUTHRIE;** | ) | **O P I N I O N** |
| **GUTHRIE, INC., a California corporation, jointly** | ) | |
| **and severally,** | ) | |
| | ) | |
| Defendants-Appellees/Cross-Appellants. | ) | |

BEFORE:    KEITH, COLE, and McKEAGUE, Circuit Judges.

PER CURIAM.   In August 2005, plaintiff Michael E. Tindall, a Michigan attorney, purchased a 1973 Ford Mustang in an online auction from defendants Guthrie, Inc., Gary Guthrie, and Dan Cunningham, all of California, for $10,300.  When the vehicle delivered one week later was unaccompanied by a certificate of title and failed to match the online description of the vehicle, Tindall attempted to rescind the deal.  The sellers balked, so Tindall, proceeding *pro se*, sued for rescission and damages, alleging fraud and violation of Michigan's Consumer Protection Act.  After defendants failed to answer or otherwise respond to the complaint, Tindall obtained entry of default.  Then, having erroneously represented that his claims were for a sum certain, Tindall obtained entry of a default judgment, by the Clerk of the Court, in the amount of $296,865.  On motion of the

defendants, the district court set aside the default judgment, finding Tindall's claims not to be for a sum certain. The court denied the parties' cross-motions for summary judgment and conducted an evidentiary hearing on damages. On July 16, 2007, the court entered judgment awarding Tindall $12,160 in damages, $3,100 in costs, and $7,800 in attorney fees. On appeal, Tindall asserts three claims of error. In their cross-appeal, defendants challenge the award of attorney fees.

First, Tindall contends the district court erred when it denied his motion for partial summary judgment on damages. Generally, denial of a motion for summary judgment is not appealable where, as here, the movant had a full hearing on the merits of his claims and simply obtained a judgment less favorable than desired. *See U.S. ex rel. A+ Homecare, Inc. v. Medshares Mgmt. Group, Inc.*, 400 F.3d 428, 441 (6th Cir. 2005). Insofar as the denial of plaintiff's motion for partial summary judgment on damages may be reviewable, as Tindall argues, because the denial came in the face of the defendants' failure to adduce evidence creating a triable fact issue, it is reviewable only for abuse of discretion. *Hanover Ins. Co. v. American Eng'g Co.*, 33 F.3d 727, 730 (6th Cir. 1994). On due consideration of the district court's orders dated March 7, 2007, March 20, 2007, and March 23, 2007, explaining the court's reasoning, we find no abuse of discretion.

Second, Tindall contends he was wrongfully denied a jury trial on his claims for lost profits and statutory damages. The district court denied both claims for relief as a matter of law, finding insufficient evidence to sustain them. Having duly considered the record, we find no error in these rulings.

Third, Tindall challenges the district court's assessment of his damages. The district court awarded Tindall rescission damages of $11,885, consisting of the $10,300 purchase price and $1,585

in shipping and related expenses; incidental damages of $275 for towing and inspection fees; and expert witness fees of $3,100. The district court's reasons for denying Tindall additional recovery for consequential damages are adequately set forth in its opinion. Tindall has set forth no persuasive reason to disturb the court's rulings on damages.

Finally, the district court awarded Tindall reasonable attorney fees under the Michigan Consumer Protection Act. Although Tindall had requested fees in the amount of $18,583.50 (52 hours at an hourly rate of $350, plus $383.50 in expenses), the court found the requested billing rate inadequately substantiated. The court applied an hourly rate of $150 and awarded attorney fees in the amount of $7,800. Tindall has not challenged this award, but defendants have, in their cross-appeal. Defendants correctly contend that under Michigan law, a party proceeding *pro se* has not incurred attorney fees and therefore cannot recover attorney fees, even if the party is a licensed attorney. *See Omdahl v. West Iron County Bd. of Educ.*, 733 N.W.2d 380, 386 (Mich. 2007) ("[T]here must be separate identities between the attorney and the client, and a person who represents himself or herself cannot recover actual attorney fees even if the *pro se* individual is a licensed attorney."); *FMB-First Mich. Bank v. Bailey*, 591 N.W.2d 676, 683 (Mich. App. 1998) ("Because an attorney is an agent or substitute who acts in the stead of another, a party acting *in propria persona* cannot truly be said to be an attorney for himself. It is thus impossible to incur attorney fees when one is not represented by an attorney, i.e., someone other than the actual party."); *Troszak v. Prantera*, Nos. 280285, 282112, 2008 WL 5273547 at *4 (Mich. Ct. App. Dec. 18, 2008) (unpublished) ("*pro se* parties are not eligible for attorney fee sanctions"); *Hagen v. Jones-Hagen*, No. 270930, 2008 WL 902107 at *5 (Mich. Ct. App. Apr. 3, 2008) (unpublished) ("No party

representing him or herself, even a party who is a licensed attorney, is entitled to attorney fees.").[1]

It follows that the district court's award of attorney fees was improper under Michigan law and must

be reversed.

Accordingly, the district court's judgment is **AFFIRMED in part**. The judgment is

**AFFIRMED** insofar as it awards plaintiff Tindall $12,160 in damages and $3,100 in costs, but the

award of $7,800 in attorney fees is **REVERSED**.

---

[1]Tindall contends defendants forfeited this basis for review of the attorney fees award by failing to raise it below. Although defendants objected to award of attorney fees below, they did not specifically assert Tindall's disability as a *pro se* litigant. Yet, though this specific objection may not have been preserved, we may reach it to correct the district court's ruling because it poses a purely legal question, the answer is clear, the parties have had a full opportunity to brief it, and our ruling results in no unfair prejudice. *See United States v. Ellison*, 462 F.3d 557, 560-61 (6th Cir. 2006); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 722 (6th Cir. 1996).