*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ELIZABETH A. SILVERMAN, PC,

        Plaintiff/Counterdefendant-Appellee,

and

ELIZABETH A. SILVERMAN,

        Third-party Defendant,

v

LAWRENCE DAVID KORN,

        Defendant/Counterplaintiff/Third-
        Party Plaintiff-Appellant.

UNPUBLISHED
October 14, 2021
APPROVED FOR
PUBLICATION
November 18, 2021
9:20 a.m.

No. 350830
Oakland Circuit Court
LC No. 2018-163097-CZ

ON REMAND

Before: TUKEL, P.J., and SERVITTO and BECKERING, JJ.

PER CURIAM.

In an August 13, 2020 opinion, this Court vacated the trial court's order awarding $78,653.95 in attorney fees to Elizabeth A. Silverman for representing herself and Elizabeth A. Silverman, PC ("the firm") in this matter. This case now returns to this Court on remand from our Supreme Court for further proceedings. We now find that the award of attorney fees was appropriate.

This Court's earlier opinion in this case includes a detailed statement of facts. *Elizabeth A Silverman, PC v Korn*, unpublished per curiam opinion of the Court of Appeals, issued August 13, 2020 (Docket Nos. 349331 and 350830), pp 1-3. In brief, the firm sued defendant, Lawrence Korn, for unpaid fees resulting from its representation of defendant in the latter's divorce proceedings, and defendant counterclaimed for legal malpractice against the firm and also claimed malpractice against the firm's practitioner, third-party defendant Elizabeth A. Silverman. The trial court granted the firm and Silverman summary disposition in connection with both the firm's contract

-1-

claims and defendant's malpractice claims, and awarded the firm $78,653.95 in fees, which reflected the amount that was due and owing for Silverman's work in the underlying divorce case—$47,976.17—plus the costs and fees that had been incurred in this action based on a provision in the retainer agreement. Unpub op p 1.

This Court vacated the award of attorney fees, on the grounds that "actual attorney fees" do not arise in the absence of an attorney-client relationship. Unpub op pp 8-9. The firm sought leave to appeal in the Supreme Court, challenging this Court's decision only insofar as it vacated the award of attorney fees. The Supreme Court, in lieu of granting leave, vacated this Court's judgment in Docket No. 350830, and remanded that case to this Court for reconsideration. *Elizabeth A. Silverman, PC v Korn*, ___ Mich ___; 955 NW2d 897 (Docket No. 162047, March 24, 2021). The Supreme Court elaborated as follows:

> Assuming without deciding that the Court of Appeals correctly determined that the term 'attorney fee' for purposes of a contract should not be treated differently than it must for purposes of a statute or a court rule . . . , it still must be determined whether the parties' contract in this case otherwise entitled the plaintiff law firm to recover the 'attorney fees' incurred by its member attorney for representing the law firm in this litigation. Of note, the contract contains the following provision: "If Attorney has to commence litigation against [the defendant] to collect outstanding fees, [the defendant] shall be responsible for all fees, costs, and attorney fees *for Attorney's actual time expended*." (Emphasis added). The term "Attorney" refers to the plaintiff law firm. [*Id.*, ___ Mich at ___; slip at 1-2 (alterations in the original).]

The Supreme Court directed this Court on remand to "consider the import, if any, of the emphasized language and whether the plain language of this provision allows the plaintiff to recover the 'attorney fees' " in accord with its precedents. *Id.*, ___ Mich at ___; slip at 2, citing *Fraser Trebilcock Davis & Dunlap PC v Boyce Trust 2350*, 497 Mich 265, 267; 870 NW2d 494 (2015) and *Omdahl v West Iron Co Bd of Ed*, 478 Mich 423; 733 NW2d 380 (2007).

"This Court reviews the trial court's decision to award attorney fees for an abuse of discretion." *Featherston v Steinhoff*, 226 Mich App 584, 592; 575 NW2d 6 (1997). "An abuse of discretion occurs when the decision resulted in an outcome falling outside the range of principled outcomes." *Hayford v Hayford*, 279 Mich App 324, 325; 760 NW2d 503 (2008). "An error of law necessarily constitutes an abuse of discretion." *Denton v Dep't of Treasury*, 317 Mich App 303, 314; 894 NW2d 694 (2016). However, "questions involving the proper interpretation of a contract or the legal effect of a contractual clause are . . . reviewed de novo." *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005).

In our earlier opinion, this Court recited that, " 'As a general rule, attorney fees are not recoverable from a losing party unless authorized by a statute, court rule, or other recognized exception.' " Unpub op at 8, quoting *Great Lakes Shores, Inc v Bartley*, 311 Mich App 252, 255; 874 NW2d 416 (2015). This Court further noted that in *Omdahl*, 478 Mich at 424, our Supreme Court held that a self-represented lawyer may not collect under the fee-shifting provision of the

Open Meetings Act[1] because "attorney" indicates an agency relationship, and " 'there must be separate identities between the attorney and the client before the litigant may recover actual attorney fees.' " Unpub op at 8, citing MCL 15.271(1)(4). Additionally, we cited *Fraser Trebilcock Davis & Dunlap PC*, 497 Mich at 276-280, wherein our Supreme Court held that a law firm may not collect case-evaluation sanctions covering its own member lawyers' services, and " 'squarely rejected the firm's argument that the fact that the lawyers were representing their firm, rather than themselves, made a difference.' " Unpub op at 8-9, citing MCR 2.403(O)(6)(b). In our prior opinion, this Court saw no reason to depart from the reasoning set forth in *Omdahl* and *Fraser Trebilcock* and concluded that, because "the firm did not actually incur any attorney fees for Silverman's representation of it, . . . as a matter of law, the firm is not entitled to recover 'attorney fees' for Silverman's representation of herself or the firm." Unpub op p 9. Both *Omdahl* and *Fraser Trebilcock Davis & Dunlap PC*'s references to "actual attorney fees" and "a reasonable attorney fee" were construed to apply in connection with only attorney-client relationships whereby the attorney and the client were wholly separate persons or entities. *Fraser Trebilcock Davis & Dunlap PC*, 497 Mich at 276-280; *Omdahl*, 478 Mich at 424.

In contrast, in this case the firm claimed attorney fees incurred while litigating to collect outstanding fees on the basis of not any statute, court rule, or recognized common-law exception, but rather on the basis of the following provision in its retainer agreement with defendant: " 'If Attorney has to commence litigation against client to collect outstanding fees, Client shall be responsible for all fees, costs, and attorney fees for Attorney's actual time expended.' " Unpub op at 8. Given the distinction between *Fraser Trebilcock Davis & Dunlap PC* and *Omdahl* and the instant matter, we find the more recent case of *ABCS Troy, LLC v Loancraft, LLC*, ___ Mich App ___; ___ NW2d ___ (Docket No. 349835, issued April 29, 2021), more instructive to the specific matter at hand.

In *ABCS Troy, LLC*, this Court acknowledged the default "American rule," according to which attorney fees awarded pursuant to statute, court rule, or other recognized exception are not considered part of the amount in controversy, then also acknowledged that parties may "contract around" that default rule. *Id.* at ___; slip at 3. This Court characterized the issue before it as follows:

> If we hold . . . that an award of contractual attorney fees is to be treated no different than any other instance of "fees, costs, and interest" incurred by a party, then the district court's award to defendant of contractual fees under the lease would not be subject to that court's subject-matter jurisdiction. In that instance, the fee award would not be subject to the $25,000.00 cap. Alternatively, if we hold . . . that an award of contractual fees is to be treated different than other instances of "fees, costs, and interest" incurred by a party because it is an award on a claim for general damages, then the district court's fee award would be subject to that court's subject-matter jurisdiction and the $25,000.00 cap. [*Id.* at ___; slip op at 4.]

This Court concluded that "contractual attorney fees are an element of general damages and are to be included in the amount-in-controversy calculation for purposes of a district court's jurisdiction."

---

[1] MCL 15.261 *et seq.*

*Id.* at \_\_\_; slip op at 7. We thus explicitly held that contractual attorney fees need not necessarily be treated the same as statutory or rule-based attorney fees. In doing so, this Court implicitly held that all facets of contractual attorney fees are functions of the contractual language engendering them, including how they are characterized. We find the reasoning in *ABCS Troy* not only binding under MCR 7.215(C)(2), but also sound.

The freedom of parties to contract as they see fit is a bedrock principle of American contract law, and the courts are to enforce the agreement as written "absent some highly unusual circumstance, such as a contract in violation of law or public policy." *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 51; 664 NW2d 776 (2003). And, contractual fee-shifting provisions are an exception to the American rule that a party must bear its own litigation expenses. *ABCS Troy, LLC,* \_\_ Mich App at \_\_\_; slip op at 6. Consistent with these holdings, we find that the prerogative to contractually apportion responsibility for attorney fees extends to a law firm wishing to guarantee reimbursement for its own members' time actually devoted to litigating on behalf of the firm for outstanding fees.

The contractual provision here at issue is not worded as if merely to emulate familiar statutory or court-rule language concerning actual or reasonable attorney fees, or thus simply incorporate such established principles applicable to fee-shifting situations as the need for a bona fide attorney-client relationship. Instead, by specifying that defendant would be liable "for Attorney's actual time expended" in the event that "Attorney has to commence litigation . . . to collect outstanding fees," with the understanding that "Attorney" means the law firm itself, that provision plainly indicates that the party claiming outstanding fees, and the party expending time and energy to litigate the matter, would be one and the same. In other words, the subject contract provision does not impliedly or otherwise envision a conventional attorney-client relationship apart from that between the firm and defendant, but rather envisions the attorney half of that existing relationship striking out on its own, self-sufficiently, upon finding itself in conflict with defendant over outstanding fees.

Because the law firm's entitlement to recover attorney fees is entirely a matter of contract, and because the pertinent contract provision clearly envisions the firm acting as its own courtroom advocate in the event of litigation over outstanding fees, the trial court correctly recognized the applicability of that provision in this case. Indeed, the contractual fee-shifting provision left no discretion to the trial court ("Client shall be responsible for all fees, costs, and attorney fees for Attorney's actual time expended . . .").

We thus affirm the trial court's award of $78,653.95 in attorney fees to Elizabeth A. Silverman for representing herself and Elizabeth A. Silverman, PC ("the firm") in this matter.

/s/ Deborah A. Servitto
/s/ Jane M. Beckering

Tukel, P.J., did not participate.

-4-